JOHN RUNGE, APPELLANT, v. TOWN OF WEST HOBOKEN, RESPONDENT.

FERDINAND MEISSE, APPELLANT, v. TOWN OF WEST HOBOKEN, RESPONDENT.

FRANKLYN R. WIESE, APPELLANT, v. TOWN OF WEST HOBOKEN, RESPONDENT.

MICHAEL QUELEVE, APPELLANT, v. TOWN OF WEST HOBOKEN, RESPONDENT.

Submitted July 6, 1915—Decided November 15, 1915.

1. In the exercise of a discretion employed *bona fide* in the interest of municipal economy, it is competent for the governing body of the municipality to reconsider a resolution appointing extra patrolmen to the police force and rescind it.
2. Where the resolution on its face expressly states that such action is taken for reasons of economy, the resolution in the absence of proof to the contrary, does not violate the provisions of the Tenure of Office act.
3. The party attacking the resolution upon the ground that its passage was not in the interest of economy, must prove his contention, since in the absence of proof the legal presumption prevails that the resolution expresses the real purpose of the municipal action.

On appeal from the Supreme Court.

For the appellants, *Richard Doherty*.

For the respondent, *John J. Fallon*.

The opinion of the court was delivered by

MINTURN, J. The stipulation agreed upon by the respective counsel shows that the appellants were duly appointed patrolmen on the police force of West Hoboken on December 23d,

1914, that thereafter on January 1st, 1915, without charges or formality of trial, they were removed by a resolution of the town council, wherein the former resolution was rescinded, and the positions of the appellants created thereby were abolished.

It is not contended that the appellants were in any way unfitted or incapable for the performance of their duties as patrolmen, but the resolution in question is expressly based upon local economic reasons, with the view of thereby lessening the burden of expense to the taxpayer. The appellants invoke the Tenure of Office act (*Pamph. L.* 1907, *p.* 50) as a guarantee against their removal, and attack the resolution upon the ground that its professed object is in reality specious, and that its real purpose is of a political character, and therefore not a *bona fide* effort in the direction of municipal economy. Upon the theory only thus asserted by the appellants, can the discretion exercised by the governing body of the municipality, in such a situation as is here presented be set aside by judicial intervention, since the legislature has committed to the local governing body in such matters, a discretion to be exercised in the public interest, which unless palpably abused in its exercise, must stand as the result of the legislative delegation of power. *Boylan* v. *Newark,* 58 *N. J. L.* 133; citing *Evans* v. *Freeholders,* 53 *Id.* 585, and *Newark* v. *Lyon, Id.* 632; *Paddock* v. *Hudson Board of Taxation,* 82 *Id.* 360.

None of the cases referred to by the appellants' counsel militates against this well settled rule.

The burden of proving *mala fides,* however, is upon him who asserts its existence, and in the absence of such proof the legal presumption is that the resolution in question was passed for the purpose of accomplishing the object for which it was formally framed, and expressly provides. 1 *Rice Ev.* 72, and cases cited; 16 *Cyc.* 1078, and cases cited; *Buckley* v. *Guttenberg,* 87 *N. J. L.* 434.

These cases under review present no such proof, and the judgments of the Supreme Court must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 15.

*For reversal*—None.