HERBERT RECK ET AL., PROSECUTORS-APPELLANTS, v. BOARD OF COMMISSIONERS OF NORTH BERGEN, DEFENDANT-RESPONDENT.

ABRAHAM SPEARS ET AL., PROSECUTORS-APPELLANTS. v. BOARD OF COMMISSIONERS OF NORTH BERGEN, DEFENDANT-RESPONDENT.

Argued October 28, 1932—Decided January 31, 1933.

For the appellants, *Victor S. Kilkenny* and *Charles H. Tuttle* (of the New York bar).

For the respondent, *Nicholas S. Schloeder.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. These are appeals from judgments of the Supreme Court dismissing writs of *certiorari* under which that court reviewed proceedings of the respondent removing from their offices or positions certain police officers and members of the fire department.

These appeals are presented and argued under five points.

We have reached the conclusion that the matters urged under three of these points or heads were disposed of properly by the court below in its opinion.

The remaining two grounds or points do not appear to be disposed of nor, in fact, referred to by the Supreme Court.

Points 2 and 4 may well be considered together and so passed upon. They are:

2. The resolution of June 3d, 1931, were also illegal and void because in violation of the Municipal Home Rule act, article 16, sections 3 and 5 (*Pamph. L.* 1917, *ch.* 152, *p.* 319, as amended *Pamph. L.* 1928, *ch.* 240, *p.* 418), and article 17, sections 3 and 5, in that they undertook, without charge, hearing or cause, to dismiss from existing offices incumbents who had been guilty of no dereliction of duty, and as to such of the appellants as are exempt firemen and veterans the said resolutions are in violation of section 136, article 17 (*Pamph. L.* 1911, *ch.* 212, *p.* 444, and *Pamph. L.* 1907, *p.* 37), and its amendments providing that as to them there shall not be removal from office except for cause and upon charges and after hearing.

4. As to those of the appellants who are exempt firemen and veterans, the ordinances and resolutions of June 3d, 1931, are illegal and void even if they could be construed as abolishing the offices themselves because they were in violation of the statutes. *Pamph. L.* 1911, *ch.* 212, *p.* 444, and *Pamph. L.* 1907, *p.* 37.

It appears that of the prosecutors-appellants who were dismissed from the police force, Spears was an exempt fireman and a veteran of the world war, and Barci, Froehmer, Ott, Earl and Foley were also veterans of the world war, and that the prosecutor-appellant Reck, who was dismissed from the fire department, was an exempt fireman.

*Pamph. L.* 1907, *p.* 37, *supra,* known as the Veterans' act by its first section provides that "no person now holding an office or position under the government * * * of any county, city, town, township or other municipality * * * or who may hereafter be appointed * * * whose term of office is not now fixed by law * * * who is a soldier, sailor or marine who has served in any war of the United States and has been honorably discharged * * * shall be removed from such positions or office except for good cause shown after a fair and impartial hearing * * * shall hold his position or office during good behavior and shall not be removed for political reasons."

Section 2 provides that before any honorably discharged soldier, sailor or marine shall be dismissed from any position or office in the government of any municipality charges shall be preferred against him, a copy of which served upon him and a time set for the hearing of the same, the accused having the right to be represented by counsel and to produce witnesses and testimony in his own behalf.

Section 3 is as follows:

"It shall not be lawful for any board of commissioners, mayor * * * or other governing body in any municipality in this state * * * to abolish any position or office held by any soldier, sailor or marine who has served in any war of the United States and who has been honorably discharged from the United States service, or to change the title of any such office or position or to reduce the emoluments thereof for the purpose of terminating the service of any such employe."

*Pamph. L.* 1911, *ch.* 212, *p.* 444, *supra,* known as the Exempt Firemen's act, in its three sections is in the identical language of the Veterans' act, *supra,* except that it applies

to exempt firemen and by the following designation "an exempt fireman of any volunteer fire department, volunteer fire engine, hook and ladder, hose or supply company, or salvage corps of any city, town, township, borough or fire district of this state, holding an exemption certificate issued to him as such exempt member of any such volunteer fire department company or corps * * *."

The Supreme Court found as a fact that the proceedings .in question were taken in good faith for the purpose of effecting economy in the expenditures of the municipality. There were proofs supporting such finding and it is therefore accepted here. *Coles* v. *Blythe,* 69 *N. J. L.* 666, 669; *Ryer* v. *Turkel,* 75 *Id.* 677, 683.

In *Beirne* v. *Jersey City,* 60 *N. J. L.* 109, the Supreme Court finding that the action dismissing an honorably discharged Union soldier was in good faith and to effectuate an honest and proper purpose such discharged employe was not protected by "An act regarding honorably discharged Union soldiers, sailors and marines" (*Pamph. L.* 1895, *p.* 317—*General Statutes, p.* 3702), which statute is in language identical with the Veterans' and Exempt Firemen's acts before referred to. The court there said: "The construction sought to be placed upon this statute by the prosecutor would make impossible any change in the administration of either state or municipal affairs which necessitated the discontinuance of the employment of a Union veteran no matter how much the public interests would be benefited by such change. It was never contemplated that the protection which by this act is given to honorably discharged Union soldiers and sailors should be at the expense of the public interests and a construction that would produce that result should not be given to it."

This was followed in the Supreme Court in *Caulfield* v. *Jersey City,* 63 *N. J. L.* 148, and *Stivers* v. *Jersey City,* 70 *Id.* 606.

In *Harker* v. *Bayonne,* 85 *N. J. L.* 176, this court had before it the statute of 1907, page 37, one of the protective acts urged in the present proceeding, and held:

"The purpose of the statute is to protect members of the class embraced within it against removal from the public service without cause, to prevent them from being affected by political changes in the state and municipal governments but not to interfere with the carrying into effect of those changes in the administration of public affairs which past experience or new conditions demonstrate are necessary for the public welfare * * *. The abolition by a municipality of a position or an office held by one of the favored class designated in the statute, *when such action is taken in good faith and for the betterment of the pbulic service* * * * *is a legitimate exercise of municipal power notwithstanding the provisions of the statutes similar to the one appealed to* * * *."

In the cases so far referred to the discharge was justified as being for the betterment and improvement of the public service but we can see no reason why the same principle is not applicable where the discharge is, *bona fide,* in the interests of economy as in the matters now before us. Economy in public expenditures is a betterment in the service of municipalities toward the public, the revenue producing agency, through the levy and collection of taxes.

Such, in fact, was the situation and the position taken in *Sutherland* v. *Commissioners,* 61 *N. J. L.* 436; *Paddock* v. *Hudson County,* 82 *Id.* 360 (in the Supreme Court), and in *Colgarry* v. *Newark,* 85 *Id.* 583 (in this court).

Our attention has been called to a single case in the Supreme Court where there has been a finding contrary to the principle established and persistently and consistently followed by the Supreme Court and this court in the cases already cited and that case is *Anderson* v. *Weehawken,* 97 *N. J. L.* 371.

It neither follows the established rule nor is it controlling upon this court.

The action of the respondent in dismissing the appellants from their positions having been found by the Supreme Court to have been, *bona fide,* in the interests of economy, and we, for the reasons already given, being bound by such finding of fact, the judgment of the Supreme Court is affirmed.

178

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BROGAN, HEHER, KAYS, HETFIELD, KERNEY, JJ.   9.

*For reversal*—None.