EDWARD A. MAY, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE TOWN OF NUTLEY, DEFENDANT.

Submitted October 14, 1932—Decided August 14, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Spaulding Frazer*.

For the respondent, *Edwin J. C. Joerg*.

The opinion of the court was delivered by

HEHER, J. On June 30th, 1931, the prosecutor, who served in the United States army during the world war, and was honorably discharged, was appointed town engineer of the town of Nutley for a term of three years under an ordinance adopted by the governing body of the municipality on June 27th, 1916, which established a bureau of engineering and placed the control thereof in a town engineer to be appointed by the governing body, for the fixed term of three years. On July 5th, 1932, the governing body, by a repeal-

ing ordinance, abolished the bureau of engineering. A companion ordinance, adopted the same day, created the "position of superintendent of public works, in the department of public works," and provided that the duties of such superintendent shall be those assigned by the director of the department of public works. This position was not filled by a formal appointment, but the duties thereof were assigned to one Shepard, a licensed surveyor, who was employed on a *per diem* basis, and the prosecutor contends that this constituted, in effect, a transfer to Shepard of the duties performed by him as town engineer; that there is an identity of function of the office of town engineer and the newly created position of superintendent of public works; that the purpose was "to change the title of the position held by the prosecutor without substantially altering its characteristics," and that someone must necessarily discharge the duties performed by the prosecutor as town engineer.

It is insisted that these ordinances, at least to the extent that they abolish or interfere with the prosecutor's enjoyment of the office to which he was appointed, contravene the provisions of chapter 14 of the laws of 1907 (*Pamph. L.* 1907, *p.* 37), as amended by chapter 29 of the laws of 1929 (*Pamph. L.* 1929, *p.* 57), and are therefore invalid.

The prosecutor's term of office was fixed by law. *McGrath* v. *Bayonne*, 85 *N. J. L.* 188. It is obvious therefore that he is not a member of the class that, by section 1 of the act, is protected from removal "except for good cause shown after a fair and impartial hearing." Prosecutor concedes this, but insists that the action here complained of was, in effect, the abolition of one office and the creation of another under a different name with the same duties, and was therefore illusory, in violation of section 3, citing *Stivers* v. *Jersey City*, 70 *Id.* 606. It is contended that this section is not limited to the holder of an office or position for an indefinite term, and the prosecutor is therefore within its provisions. But this is not so.

It is an established rule in the exposition of statutes that the intention of the legislature is to be derived from a view

of the whole and of every part of the statute, taken and compared together. The real intention, when ascertained, will prevail over the literal sense of terms. When words are not explicit the intention is to be collected from the context and the occasion and necessity of the law and from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant to reason and good discretion. The meaning of general words must be restricted whenever it is found necessary to carry out the legislative intention. The reason and spirit of the statute controls in its interpretation. *Lynch* v. *City of Long Branch,* 111 *N. J. L.* 148.

The several provisions of the statute should be construed together in the light of the general purpose and object of the act, so as to give effect to the main intent and purpose of the legislature as therein expressed. A statute must receive such construction as will make all its parts harmonize with each other, and render them consistent with its general scope and object. 25 *R. C. L.* 1007, 1008. It is a general rule in the construction of statutes that when in the earlier and declaratory sections the scope and extent of the power and privileges granted are once stated, the character of the grant as thus disclosed controls and interprets all subsequent sections; and it is unnecessary in each subsequent section to restate or use words and expressions which shall fully disclose the extent of those powers and privileges. *Talbott* v. *Silver Bow County Commissioners,* 139 *U. S.* 438; 11 *Sup. Ct.* 594; 35 *L. Ed.* 210.

The object and policy of a statute should be resorted to in aid of interpretation. The evident intent of the legislature was to exclude from the protection of the act the holder of an office or position for a term fixed by law. Section 1 so declares. Section 2 prescribes the mode of procedure in event that the provision of section 1, permitting removal for good cause, is invoked. Section 3 enjoins the abolition of an office or position held by one of the protected class, or the changing of the title of such office or position, or the reduction of the emoluments thereof for the purpose of ter-

minating the service of any such employe. It is palpably a provision intended to prevent, by indirection, evasion of the provisions of section 1. It gives efficacy to the statutory scheme. It is in aid of the protection sought to be accorded to war veterans holding an office or position the term of which is not fixed by law.

A legislative purpose to thereby enlarge the class to be benefited must be expressed in unequivocal language; the class favored by the act will not be extended by implication. This and like provisions in similar statutes have not heretofore been given a literal construction. The abolition of an office or position held by one of the designated class does not contravene this section, when such action is taken in good faith, and for the betterment of the public service. *Reck* v. *Board of Commissioners of North Bergen,* 110 *N. J. L.* 173; 164 *Atl. Rep.* 468; *Colgarry* v. *Newark,* 85 *N. J. L.* 583; *Harker* v. *Bayonne,* 85 *Id.* 176; *Ingram* v. *Jersey City,* 63 *Id.* 542; *Caulfield* v. *Jersey City,* 63 *Id.* 148; *Beirne* v. *Jersey City,* 60 *Id.* 109; *Newark* v. *Lyon,* 53 *Id.* 632. It follows, therefore, that the prosecutor is not one of the favored class created by the statute in question, and the attack upon the ordinances necessarily falls.

*Certiorari* dismissed, with costs.