CHARLES L. NICKERSON, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF WILDWOOD, IN THE COUNTY OF CAPE MAY, RESPONDENT.

Submitted October 14, 1932—Decided August 15, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Charles E. McCraith, Jr.*

For the respondent, *Harry Tenenbaum* (*Carl Kisselman,* of counsel).

The opinion of the court was delivered by

HEHER, J. On July 19th, 1913, the prosecutor was appointed chief of the fire department of the city of Wildwood. His appointment was for an indefinite term, and he functioned as such until May 24th, 1932, when the governing body of the municipality adopted a resolution appointing one Letts "as fire chief and caretaker of the Third Ward fire house of the city of Wildwood, at an annual salary of $1.500." At the time of the adoption of the resolution the salary of Nickerson as fire chief was $600 per annum. He is an exempt fireman, and challenges the resolution as a deprivation of his office in contravention of the provisions of chapter 212 of the laws of 1911. *Pamph. L.* 1911, *p.* 444; 2 *Cum. Supp. Comp. Stat., p.* 2163. Respondent concedes that Nickerson was not removed from his office "for good cause shown after a fair and impartial hearing," but it insists that it was a *bona fide* abolition of the office for reasons of economy. It is contended that Letts, who had been caretaker of the Third Ward fire house for eight years, was given no increased com-

pensation for the additional duties, and the municipality thereby effected a saving of $600 per annum.

But the office held by the prosecutor was not, in fact, abolished. It continued in existence with a changed title that comprehends the additional duties placed upon the incumbent. The motive for the change was undoubtedly to give the color of abolition to that which was not so in fact. The holder of a clearly subordinate departmental position was thereby given the headship of the department. The powers, authority and jurisdiction that are inseparable from the office of departmental chief were transferred to Letts under a title that does not negative, but affirmatively recognizes, the continuance of the office. The chief was supplanted by the caretaker of a fire house. This is manifestly a result that the statute was designed to prevent.

The instant case is not, therefore, within the rule that the abolition of an office or position held by one of the designated class does not contravene section 3 of the act, when such action is taken in good faith, and for the betterment of the public service. *Reck* v. *Board of Commissioners of North Bergen,* 110 *N. J. L.* 173; 164 *Atl. Rep.* 468; *Colgarry* v. *Newark,* 85 *N. J. L.* 583; *Harker* v. *Bayonne,* 85 *Id.* 176; *Ingram* v. *Jersey,* 63 *Id.* 542; *Caulfield* v. *Jersey City,* 63 *Id.* 148; *Beirne* v. *Jersey City,* 60 *Id.* 109; *Newark* v. *Lyon,* 53 *Id.* 632.

Assuming, however, that the office was thereby abolished, the action complained of was that of abolishing one office and creating another under a different name with the same duties, and was therefore illusory. *Stivers* v. *Jersey City,* 70 *N. J. L.* 606. Section 3 of the act also enjoins the governing body not "to change the title of any such office or position, or to reduce the emoluments thereof for the purpose of terminating the service of any such exempt fireman." It therefore follows that the resolution made the subject of attack is invalid, and that Nickerson has been illegally removed from his office.

However, the prosecutor misconceives his remedy. He held an office in the technical sense. *Fredericks* v. *Board of*

*Health,* 82 *N. J. L.* 200. It is stipulated that since the adoption of the resolution in question, he "has not been permitted to perform the functions of chief of the fire department." *Quo warranto* is the proper and only remedy. Letts is in possession of the office. Nickerson has been ousted. If the title of a claimant in possession of the office is to be tried, resort must be had to *quo warranto.* The object of prosecuting this writ is to have one in possession adjudged guilty of usurpation. The incumbent may resort to *certiorari* to review a proceeding which he apprehends may be used unlawfully to disturb him in the enjoyment of his office. *Bradshaw* v. *Camden,* 39 *Id.* 416; *Hartley* v. *Board* of *Elections,* 93 *Id.* 313; *Murphy* v. *Freeholders of Hudson,* 92 *Id.* 244; *Moore* v. *Borough of Bradley Beach,* 87 *Id.* 391; *Simon* v. *Hoboken,* 52 *Id.* 367. But inasmuch as the prosecutor is entitled to relief, he may file an information. *Young* v. *Stafford,* 86 *Id.* 422; *Burgan* v. *Civil Service Commission,* 84 *Id.* 219.

The rule to show cause will be discharged, but without costs. The prosecutor may institute *quo warranto* proceedings.