ANTHONY SANTUCCI, PROSECUTOR, v. THE CITY OF PAT-
ERSON, A MUNICIPAL CORPORATION OF THE STATE
OF NEW JERSEY, AND THE BOARD OF HEALTH OF
THE CITY OF PATERSON, RESPONDENTS.

Submitted October 13, 1933—Decided July 12, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and HEHER.

For the prosecutor, *Nicholas O. Berry.*

For the respondents, *Charles F. Lynch* and *Salvatore D.
Viviano.*

The opinion of the court was delivered by

HEHER, J.   By *certiorari* prosecutor attacks a resolution
of respondent board of health, adopted on April 12th, 1933,
abolishing the position of plumbing inspector then held by
him.

The first ground of attack is that the resolution is in contravention of section 24 of the provisions of the Civil Service act (3 *Comp. Stat., p.* 3804, ¶ 80), providing that no officer, clerk or employe in the classified civil service (except probationers) shall be removed, discharged or reduced in pay or position, "until he shall have been furnished with a written statement of the reasons for such action, and been allowed a reasonable time in which to make written answer thereto." But this provision is not applicable here. The position was, in fact, abolished for reasons of economy, and this action was clearly a valid exercise of the power vested in respondent board. As to this, prosecutor insists that the abolition of the position, for the stated reasons of economy, was a mere pretense to cloak with the semblance of legality the unlawful deprivation of prosecutor's position in disregard of the rights guaranteed by the Civil Service and the War Veterans Tenure acts. We find no basis for this contention. Due to a drastic reduction in the board's appropriation for the current fiscal year, it became necessary to reduce the staff personnel, and to substantially decrease the salaries of those whose services were regarded as indispensable. The claim that, in abolishing the position held by prosecutor, the board was actuated by bad faith is entirely devoid of merit. The plumbing inspection staff consisted of three, *i. e.,* the plumbing inspector in charge (a supervisory position held by one Campbell), and two plumbing inspectors (prosecutor and one Hargreaves). The two last-named positions were abolished, and thus, on the new scale of operations, the entire work of plumbing inspection devolved upon the holder of the superior position.

The next insistence of prosecutor is that, even so, apposite provisions of the Civil Service act were disregarded. It is said that chapter 214 of the laws of 1918 (*Pamph. L.* 1918, *p.* 776), and chapter 176 of the laws of 1930 (*Pamph. L.* 1930, *pp.* 606, 623), required the retention of prosecutor, in preference to Campbell. This claim is without substance. These acts provide for service ratings and the keeping of efficiency records. The act of 1918 provides, *inter alia,* that

"whenever it is sought to abolish any positions, or to separate any employes from service for a limited time, for reasons of economy, the position of the person or persons shown to be the least efficient, * * * in the class and grade in which the reduction of the force is to be made, shall be abolished," and that "when the efficiency record shall show no difference in the relative efficiency of the employes, the position of those most recently appointed shall be the first to be abolished." The act of 1930 provides, *inter alia,* that the service ratings therein provided for shall be used "in determining order of lay-off when forces must be reduced because of lack of funds or work," and that, "when service ratings are used as a basis for determining the order of lay-off, seniority credits not to exceed ten points may be added to the ratings of employes affected, based upon their length of service * * *." It is obvious that these statutes are inapplicable to the instant case. Campbell and prosecutor did not occupy positions of the same class and grade. Moreover, it does not appear that efficiency records were kept and service ratings given, as provided by the acts in question, and prosecutor is not, therefore, in a position to claim the preference accorded by these enactments to one whose superior efficiency is established in the statutory mode.

Lastly, it is claimed that the resolution abolishing prosecutor's position contravenes the provision of chapter 14 of the laws of 1907 (*Pamph. L.* 1907, *p.* 37; 4 *Comp. Stat., p.* 4874, § 65), as amended by chapter 29 of the laws of 1929 (*Pamph. L.* 1929, *p.* 57), prohibiting the abolition of an office or position held by an honorably discharged war veteran. But this contention is likewise fallacious. The rule, long since laid down, is that the abolition of an office or position held by one of the designated class does not contravene this statute, when such action is taken in good faith, and for the betterment of the public service. *Reck* v. *Board of Commissioners of North Bergen,* 110 *N. J. L.* 173; 164 *Atl. Rep.* 468; *May* v. *Board of Commissioners of Nutley,* 111 *N. J. L.* 166; 168 *Atl. Rep.* 140; *Colgarry* v. *Newark,* 85 *N. J. L.* 583; *Harker* v. *Bayonne,* 85 *Id.* 176; *Ingram* v. *Jersey*

*City,* 63 *Id.* 542; *Caulfield* v. *Jersey City,* 63 *Id.* 148; *Beirne* v. *Jersey City,* 60 *Id.* 109; *Newark* v. *Lyon,* 53 *Id.* 632. Such action cannot be challenged if retrenchment, made imperative by financial stringency, compels a reduction of personnel, provided the selection of those whose services are to be dispensed with is characterized by good faith, and the action does not trench upon some positive rule of law. Necessity is ample justification. And, as heretofore pointed out, there is no evidence tending to establish the taint of *mala fides.* The presumption of good faith arises, and the burden is on prosecutor to show bad faith. *Hunziker* v. *Kent,* 111 *Id.* 565.

But if the office or position is in fact useless, the motive for its abolition is immaterial. Public policy dictates that course. That there are considerations other than economy in the abolition of an office or position is of no consequence, if, in fact, the office or position is unnecessary, and can be abolished without impairing departmental efficiency. It would be absurd to hold that a needless position must be continued in existence because an ulterior purpose influenced or played some part in its abolition. *Hunziker* v. *Kent, supra.* It follows, therefore, that the resolution in question must be sustained.

*Certiorari* dismissed, but without costs.