HARRY E. WEIR, PROSECUTOR, v. DORIS W. BRADWAY, FREDERICK W. McMURRAY AND ROLAND CORSON, BOARD OF COMMISSIONERS OF THE CITY OF WILDWOOD, IN THE COUNTY OF CAPE MAY, AND CITY OF WILDWOOD, IN THE COUNTY OF CAPE MAY, RESPONDENTS.

Submitted May term, 1934—Decided December 27, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Waddington & Mathews.*

For the respondents, *Carl Kisselman.*

The opinion of the court was delivered by

HEHER, J. Prosecutor challenges a resolution adopted by the respondent board of commissioners, on February 13th, 1934, abolishing the office of city engineer of that municipality, then held by him.

The asserted ground of the abolition was economy in municipal administration. The resolution was grounded upon the alleged "inability of municipalities to sell its bonds satisfactorily to private institutions for the purpose of obtaining money to effect municipal improvements," and the finding by the respondent board that "it is highly problematical that *no* projects will be started that require the services of an engineer."

It will be observed that there is no determination that this is a useless office, in the sense that there is no work to be done by the incumbent unless new projects requiring engineering service, not then contemplated, should be undertaken.

It seems to be conceded that the occupant of this office is protected from removal except for cause. Shortly before the adoption of the resolution in question, the director of the department of streets, parks and public property of the municipality, after hearing, found prosecutor guilty of charges of misconduct, and removed him from the office in question. This court, upon *certiorari,* determined that "the charges relied upon, and the proofs to support them, are so indefinite and vague, and so unrelated to the performance of the duties of the office held by prosecutor, that they cannot be said to form a rational basis for dismissal," and set aside the judgment. The opinion in that proceeding was filed on February 2d, 1934, about two weeks before the adoption of the resolution now attacked.

Notwithstanding the recital in the resolution, it is conceded that a major municipal engineering project, the extension of its water works system at a cost in excess of $250,000, was then about to be commenced, and consulting engineers, so called, were retained by the municipality to supervise this construction work. In fact, one of the charges preferred against prosecutor was that he "made attempts to prevent the progress of an engineering project of the city of Wildwood, contrary to the orderly progress of government." There is no evidence tending to show that prosecutor was not competent to do this work. Even so, as the evidence demonstrates, there was need for engineering service to supervise the work ordinarily incident to municipal management.

We are convinced that the resolution in question was not adopted in good faith for the betterment of the public service, but to make effective the original purpose to dismiss prosecutor from his office without just cause. Compare *Nickerson* v. *Board of Commissioners, Wildwood,* 111 *N. J. L.* 169; 168 *Atl. Rep.* 142; *Maxwell* v. *Board of Commissioners, Wildwood,* 111 *N. J. L.* 181; 168 *Atl. Rep.* 143; *Santucci* v. *Paterson,* 113 *N. J. L.* 192; 173 *Atl. Rep.* 611. The writ will therefore issue, and may be brought on for a hearing at the ensuing term of this court.

Rule made absolute.