JOHN D. CASTLES, PROSECUTOR, v. THE GOVERNING BODY, TO WIT: THE MAYOR AND COUNCIL OF THE TOWN OF KEARNY, RESPONDENTS.

Submitted May 17, 1935—Decided September 11, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Edward J. Madden.*

For the respondents, *Thomas G. Walker.*

BODINE, J. The prosecutor, an exempt fireman, seeks the review of an ordinance abolishing his office. He was first appointed municipal superintendent of the town of Kearny for the term of one year, pursuant to an ordinance passed July 26th, 1911, and supplemented August 23d, 1911. His duties were to secure enforcement of the laws and ordinances relating to weights and measures and building construction and alteration. He later became also charged with the duty of issuing jitney licenses. He served the municipality continuously until February 13th, 1935, when he was ousted without charges being preferred.

Prior to January 1st, 1918, he had been reappointed each year for a term of one year. Latterly, no such action was taken. It is apparent that prosecutor held an office. *McGrath* v. *Bayonne*, 85 *N. J. L.* 188; 89 *Atl. Rep.* 48. It is not necessary to determine whether he had tenure under chapter 212 giving tenure to exempt firemen in certain instances (*Pamph. L.* 1911, *p.* 444; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2163, §§ *136-1721C(1) to *136-1721C(3), or

under statutes giving tenure to municipal superintendents of weights and measures. *Neilley* v. *Passaic,* 13 *N. J. Mis. R.* 283; 177 *Atl. Rep.* 855. Such were some of his duties. *Pamph. L.* 1912, *p.* 168; *Pamph. L.* 1920, *p.* 406; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3853, § 234-83. He has mistaken his remedy.

The record is entirely silent as to the motive behind the abolition of his office, but it does appear that another was designated to perform the duties lately performed by prosecutor, such officer being designated by another title. No salary was fixed, but the budget for this department contained an increased appropriation.

The case of *Ziegler* v. *Hackensack,* 113 *N. J. L.* 215; 174 *Atl. Rep.* 199; *affirmed,* 114 *N. J. L.* 186; 176 *Atl. Rep.* 324, indicates that an office held by an exempt fireman may be abolished in good faith and in the interests of economy, but such action is a fact question which must be proved and found by the reviewing body.

*Quo warranto* would seem to be the only possible remedy. *Nickerson* v. *Wildwood,* 111 *N. J. L.* 169; 168 *Atl. Rep.* 142. Prosecutor may institute *quo warranto* proceedings against Edward J. Lynott, who he says has assumed the duties of the office held by him under another designation.

The writ will be dismissed, without costs.