WILLIAM SALISKY ET AL., PROSECUTORS, v. CITY OF GARFIELD, RESPONDENT.

Submitted October 5, 1943—Decided December 29, 1943.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Breslin & Breslin* (*John J. Breslin, Jr., Carmen Belli* and *James A. Major*, of counsel).

For the respondent, *Carey & Lane* (*Robert Carey* and *Harry Lane*, of counsel).

The opinion of the court was delivered by

PORTER, J. The writ brings before us for review the validity of a resolution enacted by the city council of respondent, City of Garfield, on January 6th, 1943. By its provisions seven of the prosecutors were dismissed from membership in the police department and five others of the prosecutors were demoted in rank as officers of the police department of said city.

The prosecutors argue but two points. First, that the resolution was not enacted in good faith but for political reasons. Secondly, that it was duly vetoed by the mayor and not passed over his veto. This latter point was not given as a reason, and permission is now asked to amend the reasons to include same. No objection being made by respondent, the permission is granted. We conclude however that the point is without merit. The mayor is on leave while serving his country in the armed forces. He, being stationed on military duty in Chicago, Illinois, was thus absent from the city on January 6th, 1943, when this resolution was enacted. His entire time was so taken up, and he was consequently

unable to attend to his duties as mayor. Nor indeed did he attempt to do so while absent except in this instance. Apparently a copy of the resolution was sent to the mayor at Chicago, because the city clerk received it by mail from Chicago on January 11th, 1943, endorsed with his veto thereon. This attempted veto was invalid. During the disability of the mayor under the circumstances, the chairman of the city council was acting as mayor *pro tempore* under the statute *R. S.* 38:23–4; *Kobylarz* v. *Mercer,* 130 *N. J. L.* 44; 31 *Atl. Rep.* (*2d*) 208. As such official he approved the resolution on the same evening of its passage. It thereby became effective. The mayor had notice of this situation because the copy of the resolution sent him and returned by him with his purported veto endorsed thereon contained the copy of the signature of approval of the acting mayor.

Nor do we think the prosecutors have made out a case on the first point argued, namely that the resolution was not passed in good faith. A careful review of the proofs clearly satisfies us that the prosecutors have failed to establish the truth of their charge by a preponderance of the evidence as required by the well settled rule. *Christie* v. *Garfield,* 13 *N. J. Mis. R.* 331; 177 *Atl. Rep.* 888. It is argued by the prosecutors that a recent election had resulted in a political change of control and that the resolution was motivated by purely political considerations by those newly invested with power and that the result was an undermanning of the police department. On the other hand, the proponents of the resolution deny these charges and say that the resolution was passed in the public interest because of the necessity of reducing municipal expenses. In the absence of a clear showing of bad faith we may not substitute our judgment concerning the conduct of municipal affairs for that of those officials elected by the people and charged by law with that duty. *Christie* v. *Garfield, supra; Blair* v. *Brady,* 11 *N. J. Mis. R.* 854; 168 *Atl. Rep.* 668. Dismissal and demotions of public employees for reasons of economy and efficiency are entirely proper. A few typical cases are *Reck* v. *Board of Commissioners of North Bergen,* 110 *N. J. L.* 173; 164 *Atl. Rep.* 468; *Ziegler* v. *Hackensack,* 113 *N. J. L.* 215; 174 *Atl.*

*Rep.* 199; *affirmed,* 114 *N. J. L.* 186; 176 *Atl. Rep.* 324; *Durkin* v. *Newark Fire Commissioners,* 89 *N. J. L.* 468; 99 *Atl. Rep.* 432; *affirmed,* 90 *N. J. L.* 670; 101 *Atl. Rep.* 1053; *Runge* v. *West Hoboken,* 88 *N. J. L.* 301; 95 *Atl. Rep.* 972.

For these reasons the writ will be dismissed, with costs.