12 N.J. Super. 330 (1951)
79 A.2d 685
JOHN BERTONE, PLAINTIFF-APPELLANT, AND CHARLES WHITE, PLAINTIFF,
v.
MARK A. SULLIVAN, JR., PRESIDING JUDGE OF THE HUDSON COUNTY DISTRICT COURT, AND THE CIVIL SERVICE COMMISSION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1951.
Decided March 21, 1951.
*331 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. James Rosen argued the cause for the plaintiff-appellant.
Mr. Frederick J. Gassert argued the cause for the defendants-respondents (Mr. Daniel T. O'Regan, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The dispositive issue here concerns the authority of the presiding judge of the Hudson County District Court to terminate the services of the plaintiff-appellant in the performance of the duties of a sergeant-at-arms.
In May, 1947, pursuant to the provisions of L. 1947, c. 186, the appellant was placed on the payroll of the First Judicial District Court of Hudson County at the salary of a sergeant-at-arms. The 1947 act provides, inter alia: "In all judicial district courts in the counties of the first class, * * * having constables, such constables, if for ten years next preceding July fourth, one thousand nine hundred and forty-seven, have performed the duties required of sergeants-at-arms of such judicial district courts, they shall be entitled to all the rights and privileges of sergeant-at-arms of such judicial district courts and shall be entitled to receive the same compensation as is provided for sergeant-at-arms." The appellant continued to receive such salary until January 31, 1949, when the defendant, presiding judge, Mark A. Sullivan, Jr., for reasons of efficiency and economy, terminated the service of the appellant from the further performance of the duties of sergeants-at-arms and directed that he "remain attached to the court as a constable on a fee basis only." See R.S. 2:8-17.
*332 The appellant contends that the order of removal was invalid; that the presiding judge had no power by statute or rule to impose the order in question and that if the power of removal existed at all, it could only be exercised by a majority of all the judges of the county district court and not by the presiding judge alone.
On December 31, 1948, by virtue of the provisions of L. 1948, c. 264, the several district courts of Hudson County were consolidated and became branches of the Hudson County District Court. The Supreme Court designated the Honorable Mark A. Sullivan, Jr., as presiding judge. Judge Sullivan determined that the business of the court did not require the services of 22 persons who were then performing the duties of sergeants-at-arms. Accordingly, he removed five of the constables from the payroll. It is undisputed that Bertone had never been appointed a sergeant-at-arms, but was merely receiving that salary by virtue of the provisions of L. 1947, c. 186.
Following Judge Sullivan's order, the appellant communicated with the Civil Service Commission protesting his removal. The president of that commission informed him that he had no civil service status and, therefore, the commission lacked jurisdiction to entertain his appeal. The appellant then instituted this action in the Law Division of the Superior Court. The Law Division considered the matter on a stipulation of facts entered into by the parties and rendered a judgment affirming the action of Judge Sullivan.
The appellant does not argue that he possessed any civil service status nor does he claim any rights and privileges other than those he may have under the 1947 act.
R.S. 2:8-31 of the District Court Act provides: "The judge of any district court may appoint one or more sergeants at arms to attend the sittings of the court, preserve order therein, and perform such other duties as the appointing judge may prescribe, and who, when appointed, shall hold office during the pleasure of the judge appointing them." Except as affected by Rule 7:50-2 and Rule 7:51-3, these sections of the statute remained unaltered at the time of the *333 issue in the case under consideration. R.S. 2:8-31 was amended by L. 1950, c. 219, sec. 1, but that amendment does not affect this issue. By virtue of L. 1948, c. 264, the county district court succeeded to the powers and duties of the former district court.
Rule 7:50-2 governing the county district courts, provides that: "The judge, and in courts having branch parts, the presiding judge, shall be the administrative head of the district court and shall make all appointments to the court as may be required by law to be made by the judge thereof, or authorized by the Rules of the Supreme Court." Rule 7:51-3 empowers the judge or presiding judge to prescribe the duties of sergeants-at-arms.
It is apparent that viewed in the most favorable light, the rights and privileges, if any, acquired by the appellant under the 1947 act, were only of a temporary character and he was entitled to the compensation in question only so long as he was permitted to perform the duties of a sergeant-at-arms. We are satisfied that Judge Sullivan possessed the authority to terminate appellant's service and that such authority was properly exercised. In the case of Barringer v. Miele, 6 N.J. 139, 144 (1951), it was held that: "The authority to make an appointment that is temporary carries with it the power to terminate the employment when the conditions which require the appointment have ceased."
Dismissals and demotions of public officials when done in good faith and for reasons of economy and efficiency, have been held to be proper by our courts. Runge v. West Hoboken, 88 N.J.L. 301 (E. & A. 1915); Durkin v. Newark Fire Com'rs., 89 N.J.L. 468 (Sup. Ct. 1916); Reck v. Commrs., North Bergen, 110 N.J.L. 173 (E. & A. 1933); Ziegler v. Hackensack, 113 N.J.L. 215 (Sup. Ct. 1934), affirmed 114 N.J.L. 186 (E. & A. 1935); Barringer v. Miele, supra.
We have considered the other points argued by the appellant but do not consider them meritorious.
The judgment is affirmed.