149 N.J. Super. 121 (1977)
373 A.2d 422
IN THE MATTER OF THE APPLICATION FOR AN EXTENSION OF NEWARK POLICE SERGEANT AND LIEUTENANT LIST TO THE DEPARTMENT OF CIVIL SERVICE.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1977.
Decided March 14, 1977.
*123 Before Judges LORA, CRANE and MICHELS.
Messrs. Ashley and Charles, attorneys for appellants (Mr. Joseph Charles of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Erminie L. Conley, Deputy Attorney General, of counsel; Mr. Paul E. Graham, Deputy Attorney General, on the brief).
PER CURIAM.
This is an appeal from a final determination of the Civil Service Commission denying appellants' application for a two-year extension of the three-year life of the eligible lists for the positions of sergeant and lieutenant with the Newark Police Department. The sergeant's list expires on September 13, 1977 and the lieutenant's on July 31, 1977.
In their application for extension, appellants asserted that
The extension is being sought because under present circumstances the lists have not and will not move at the normal rate. The financial problems now facing the City of Newark have produced planning and budgetary problems for the Police Department. Needed and anticipated promotions have been delayed, and severely reduced. The number of promotions from the current Sergeant's and Lieutenant's lists will be substantially lower than those made during the lifetime of prior lists. The upshot will be that those on the current lists will not progress as anticipated when the exam was taken and the lists certified, but instead will see their efforts and expectations going largely for naught.
Appellants also stated that
"The current Sergeant's list is the first one derived from an examination freed of the cultural bias and discriminatory aspects which tainted the legality of previous Civil *124 Service police examinations. Consequently, for the first time in history a significant number of Blacks and other minorities passed the examination and achieved a "decent" rank on the certified list. For the first time, then, there was a real prospect (and expectation) that a significant number of minorities would ascend to the rank of Sergeant. The inertness of the list, however, has frustrated, and, in fact has almost completely destroyed those expectations.
The Chief Examiner and Secretary, in a letter decision dated May 17, 1976, denied appellants' request on the ground that N.J.S.A. 11:22-32 prohibited an extension of the life of the lists beyond the statutory maximum of three years.
N.J.S.A. 11:22-32, which establishes the term of eligiblity of those certified for promotion in local service, provides:
Appointments shall be made to or employment given in all positions in the competitive class not filled by promotion, reinstatement, transfer or reduction under the provisions of this subtitle and the rules made in pursuance thereof, by appointment from among those certified to the appointing authority in accordance with the provisions of section 11:22-16 of this title. The term of eligibility of an applicant shall be fixed for each list by the commission at not less than one nor more than three years. Appointments shall be made from the eligible list most nearly appropriate, and a new and separate list shall be created for a stated position only when no appropriate list exists from which appointment may be made.
We are of the view that this statute precludes the Civil Service Commission from extending the life of a promotion list beyond the three-year limit established with respect to persons in local service. Marranca v. Harbo, 41 N.J. 569, 574 (1964).
Nevertheless, appellants argue that since the Civil Service Commission is empowered by statute to extend the life of a promotional list for persons in state service, then the language of that statute should be engrafted on the above-quoted, coordinate local service provision.
*125 They ground this argument on an interpretation of N.J.S.A. 11:9-10 which provides:
The chief examiner and secretary shall, at the time an employment list is promulgated, provide by regulation, approved by the commission, the period during which this list shall remain in force. No employment list shall be promulgated for a period less than six months nor greater than three years. The chief examiner and secretary may, with the approval of the commission, extend the period during which an employment list remains in force, by action taken before the expiration of the list and entered in the minutes of the commission together with his statement as to the reasons therefor. The chief examiner and secretary shall provide by rule, approved by the commission, for the consolidation, continuation and cancellation of employment lists and for the removal of names for good cause therefrom.
However, even if this statute were applicable to appellants, it must be read in pari materia with N.J.S.A. 11:22-32. Accordingly, since the expiration of a list is mandatory after a three-year period pursuant to N.J.S.A. 11:22-32 and Marranca v. Harbo, supra, N.J.S.A. 11: 9-10 may not be interpreted as authorizing the Civil Service Commission to extend the life of promotional lists beyond the three-year maximum. We believe this statute may only be read to establish a three-year maximum with discretion vested in the Commission to extend the life of a list initially promulgated for less than three years up to the three-year maximum. We note this construction coincides with N.J.A.C. 4:1-11.6 which provides that an employment list may be extended for good cause by the Commission for such period or periods beyond its expiration date, provided that no list shall remain in effect for more than the maximum period allowed by the law. Such construction by the agency charged with enforcement of the statute may be given substantial weight by this court. Service Armament Co. v. Hyland, 131 N.J. Super. 38, 48-51 (App. Div. 1974), rev'd on other grounds 70 N.J. 550, 561 (1976); Pringle v. N.J. Civil Service Dept., 45 N.J. 329, 332-333 (1965).
*126 Moreover, assuming arguendo that N.J.S.A. 11:9-10 does authorize extensions beyond the three-year maximum, we can find no basis for engrafting this provision on the statute governing local service. We may not assume that the Legislature inadvertently omitted the extension provision from the statute governing local service and undertake the statutory surgery which appellants request.
Affirmed.