150 N.J. Super. 105 (1977)
374 A.2d 1251
FRANK IMBRIACCO, KENNETH NOCERA, GREGORY SCHNEIDER, LAWRENCE SMITH, MICHAEL VASILEVICH, FRANK RUSCIANO AND MARTY STANLEY, CLAIMANTS-APPELLANTS,
v.
STATE CIVIL SERVICE COMMISSION, STATE OF NEW JERSEY; CITY OF ELIZABETH, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1977.
Decided May 19, 1977.
*106 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Anthony N. Palumbo argued the cause for appellants (Messrs. Palumbo and Renaud, attorneys).
Mr. Paul E. Graham, Deputy Attorney General, argued the cause for respondent State Civil Service Commission (Mr. William F. Hyland, Attorney General, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel).
Mr. John R. Weigel submitted a statement in lieu of brief on behalf of respondent City of Elizabeth (Mr. Frank P. Trocino, City Attorney, attorney).
PER CURIAM:
Appellants, seven members of the Fire Department of the City of Elizabeth, following their taking of a Civil Service fire captain examination in May 1973, were notified on July 13, 1973 of their final ratings and ranks on *107 the eligible list as a result of said test. The notice also stated that the eligibility list would continue until July 20, 1976.
On or about August 28, 1975 the business administrator of the city notified them that a hiring and promotion freeze had been imposed as of said date. The freeze continued and was in effect upon the expiration date of the eligibility list and thereafter.
On May 11, 1976, by reason of the freeze, appellants requested the Civil Service Commission to extend the viability of the eligibility list beyond July 20, 1976 for a time equal to the interval between August 28, 1975 and July 20, 1976.
The Director of Local Government Services of the Commission advised that
* * * due to statutory constraints, specifically, N.S.A. 11:9-10, promotional lists that are promulgated for a three (3) year period cannot be extended, except that an employment list, in litigation or before the Commission, which expires while an appeal is pending can be revived upon the entry of a judgment favorable to a claimant in a court action or by the Commission.
At the request of appellants for a departmental appeal from the foregoing ruling, a review pursuant to N.J.A.C. 4:1-8.15 followed. As a result thereof a final administrative determination of the Commission was rendered, upholding the ruling of the Director of Local Government Services that the Commission was without authority to extend the list's viability beyond three years. Appellants appeal this determination. R. 2:2-3(a).
Appellants argue that the denial of their application (a) caused an unjust result and the possibility of abuse of the Civil Service Act; (b) took from them a property right without due process of law. We find these arguments to be unpersuasive. Accordingly, we affirm for the following reasons as well as the reasoning of In re Application for an Extension of Newark Police Sergeant and Lieutenant List, etc., 149 N.J. Super. 121 (App. Div. 1977).
*108 N.J.S.A. 11:22-32 mandates that "[t]he term of eligibility of an applicant shall be fixed for each list by the commission at not less than one nor more than three years * * *."
However, appellants submit that N.J.S.A. 11:22-33 provides the authority for the Commission to extend the time that the eligibility list is effective. That statute provides:
When an eligible list has been established by the commission for any position or employment in the service of any county, municipality or school district, and a proceeding has been instituted in any court of record, with respect to the filling of any position or employment from such eligible list, such list shall not expire during the period in which such litigation is pending but shall be extended from the time of the entry of judgment, for a period of time equal to the period during which such proceeding or litigation was pending.
A fair reading of this section does not support appellants' view. It clearly applies only when "a proceeding has been instituted * * * with respect to the filling of any position or employment from such eligible list, * * *." Thus the statute contemplates the litigation as to the filling of a job  not litigation as to some other claim for relief, such as is sought in the instant matter.
In Marranca v. Harbo, 41 N.J. 569 (1964), the Supreme Court expressed the underlying policy for the time limitation of the eligibility list as follows:
* * * But as a practical matter an employment list must serve for some period, and hence our statute provides that the list shall endure for no less than six months nor more than three years with respect to the state service and for no less than one year nor more than three years for the local service, as the Civil Service Commission may provide. R.S. 11:9-10; R.S. 11:22-32.
The Legislature has thus fixed the outer time limit of a list because a stale list disserves both the employer units and the coemployees whose eligibility to compete accrues after an examination. Indeed in New York it was held that the Legislature could not revive an expired list without doing violence to the principle of merit employment embodied in the Constitution of that State. Hurley v. Board of Education, 270 N.Y. 275, 200 N.E. 818 (Ct. App. 1936). We refer to that decision without passing upon the meaning of our own constitutional provision, Art. VII, § 1, par. 2, to emphasize that both the public and the aspiring candidate would be unnecessarily *109 hurt if the mere institution of a suit by someone extended a list for any and all purposes. [at 572-573]
Appellants, citing Schierstead v. Brigantine, 29 N.J. 220 (1959), stress that the statute, N.J.S.A. 11:22-32, should be read "sensibly" rather than literally, and that controlling legislative intent is to be presumed as consonant with reason and good discretion. However appellants overlook the additional factor necessarily to be considered before judicial interpretation is required, i.e., there must be some ambiguity in the words of the statute to be construed; otherwise courts would have untrammeled freedom to disregard legislative dictates. In Schierstead the court in making its observation as to statutory construction referred to a quotation from May v. Nutley, 111 N.J.L. 166 (Sup. Ct. 1933), which concerned the interpretation of a statute whose "words are not explicit." (29 N.J. at 231) Where a statute is precise and of all-inclusive application (as is N.J.S.A. 11:22-32), there is no leeway for statutory interpretation and discretionary treatment. Application of Howard Savings Inst. of Newark, 32 N.J. 29, 48 (1960).
Moreover, in the light of the underlying purpose of the statute to permit the Commission to maintain "fresh" as opposed to "stale" lists, even if there were room for interpretation we would be obliged to uphold the decision of the Commission. The statute was not primarily designed for the welfare of the individual civil servants; it was designed for the benefit of the people. Borough of Park Ridge v. Salimone, 21 N.J. 28, 44 (1956). The avoidance of stale eligibility lists is a salutary overriding purpose of the statute. Marranca v. Harbo, supra.
Although recognizing that the hiring freeze was the product of an unusual economic situation, nevertheless appellants contend that a possibility of abuse arises "whenever a candidate not to the liking * * * of the appointing authority succeeds in placing himself on an eligibility list" by merely announcing a freeze for the duration of the life of the eligibility *110 list. This contention is frivolous. The bona fides of the moratorium imposed by the city is not challenged. If it were otherwise, appellants' remedy would not include the right to an extension of the life of the eligibility list.
Finally, the assertion that the denial of the extension deprives appellants of a property right is clearly without merit. Lavitz v. Civil Serv. Comm'n, 94 N.J. Super. 260, 264 (App. 1967); Schroder v. Kiss, 74 N.J. Super. 229, 240 (App. Div. 1962).
Affirmed.