IRA MOSS, PETITIONER-APPELLANT, v. STATE OF NEW JERSEY, BOARD OF TRUSTEES, TEACHERS' PENSION AND ANNUITY FUND, DIVISION OF PENSIONS, DEPARTMENT OF THE TREASURY, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 10, 1981—Decided April 16, 1981.

Before Judges MATTHEWS, MORTON I. GREENBERG and ASHBEY.

*William S. Greenberg* argued the cause for appellant (*Greenberg & Mellk,* attorneys; *John B. Prior, Jr.,* on the brief).

*Robert K. Walsh,* Deputy Attorney General, argued the cause for respondent (*John J. Degnan,* Attorney General of New Jersey, attorney; *Erminie L. Conley,* Assistant Attorney General, of counsel; *William P. Malloy,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

MATTHEWS, P. J. A. D.

Petitioner, a social worker for the Hillsborough Township Board of Education, appeals from a determination by the Board of Trustees of the Teachers' Pension and Annuity Fund (TPAF) that purchased service credit based upon out-of-state employment could not be applied toward the 20 years required for veterans' retirement under *N.J.S.A.* 18A:66–71(b). The TPAF board ruled that, for veterans' retirement purposes, the 20 years must consist of actual service within the State. We disagree and reverse.

Prior to beginning public employment in New Jersey, petitioner had been employed as a social worker with the New York City Board of Education for over five years. In 1964 he began similar work in East Brunswick, at which time he enrolled in TPAF. On his enrollment application he indicated his veteran's status. In 1966 petitioner transferred to a position in Hillsborough Township, a job which he currently holds.

In 1970 petitioner wrote to TPAF requesting guidance in purchasing credit for his out-of-state experience. After lengthy attempts to document petitioner's New York service, in February 1971 TPAF advised petitioner that he could purchase two years and ten months of pension credit, to be paid in 82 extra payroll deductions of $48.26 each. Petitioner consented to the terms of purchase and a certification of deductions was issued. In April 1979 petitioner visited TPAF concerning his planned veterans' retirement, whereupon he was informed, contrary to his prior understanding, that the credit he had been purchasing since 1971 was not applicable to the category of veterans' retirement. By letter dated June 1979 petitioner requested that he be credited with his purchased service or that the $3,957 which he had paid in order to purchase the credit be refunded. By return letter dated June 28, 1979 TPAF notified petitioner that the 20 years required for a veterans' retirement must be years of *New Jersey* service and that TPAF was not authorized to refund any of the purchase payments.

Petitioner renewed his request in March 1980 and TPAF reaffirmed its original decision that only New Jersey service is creditable toward the 20 years necessary for veterans' retirement.

Qualifying for a veterans' retirement, as opposed to a "service retirement" (*N.J.S.A.* 18A:66–44) or an "early retirement" (*N.J.S.A.* 18A:66–37), is significant in that it provides higher benefits: one half of one's final annual compensation. The pertinent statute reads:

b. Any public employee veteran becoming a member after January 1, 1955, who shall be *in office, position or employment of this State or of a county, municipality or school district, board of education or other employer,* and who shall have attained 62 years of age and *who has 20 years of aggregate service credit in such office, position or employment* shall have the privilege of retiring for service and receiving, instead of the retirement allowance provided under section 18A:66–44, a retirement allowance of ½ of the compensation received during the last year of employment upon which contributions to the annuity savings fund or contingent reserve fund are made. The provisions of this subsection shall also apply to any veteran who was a member on January 1, 1955, but whose service was not continuous thereafter.

[*N.J.S.A.* 18A:66–71(b); emphasis supplied]

It is undisputed that petitioner is a "public employee veteran" who is a member of TPAF and is employed in a qualifying position. According to petitioner, he will not be 62 until March 27, 1982, at which time he will have 18 years of actual service credit plus the two years of purchased credit at issue herein. The sole issue is whether those two years can be included within the category of "aggregate service credit."

Neither in the definition section (*N.J.S.A.* 18A:66–2) nor elsewhere in the TPAF statute is "aggregate service credit" or "service credit" defined. Contrary to respondent's theory, the provision authorizing "prior service credit," *N.J.S.A.* 18A:66–13, makes no distinction between credit for veterans' retirement purposes and credit for the other forms of retirement. Nor do the corresponding regulations require such disparate treatment. *N.J.A.C.* 17:3–5.1 *et seq.* The latter statute reads in pertinent part:

A member may file a detailed statement of school service and service in a similar capacity *in other states* rendered by him prior to becoming a member for which he desires credit and on account of which he desires to contribute, and of such other facts as the retirement system may require. *He shall have the right to purchase credit for the prior service evidenced therein,* up to the nearest number of years and months, but not exceeding 10 years. . . .

He may purchase credit for such service by paying into the annuity savings fund the amount required by applying the factor, supplied by the actuary, as being applicable to his age at the time of the purchase to his salary at that time. Such purchase may be made in regular installments, equal to at least one half the full normal contribution to the retirement system, over a maximum period of 10 years. [Emphasis supplied]

How service credit is to be applied is governed by *N.J.S.A.* 18A:66–15, which is cited by neither party but which we think is virtually dispositive. It reads in pertinent part:

> In computing for retirement ... the total service of a member about to be retired, the retirement system shall credit him with *all service rendered by him since he last became a member and in addition, with all the service to which he is entitled* and with no other service. Except as otherwise provided in this article, such service credit shall be final and conclusive for retirement purposes, ... unless the member shall discontinue his service for more than two consecutive years. [Emphasis supplied]

Again the statute refers to "retirement" generally; there is no indication that special "service credit" rules apply to veterans' retirement, and had the Legislature so intended, it could have said so.

We find it most significant that the statute factors service credit into two kinds of service: "service rendered" and "service to which he is entitled." Credit which is purchased from out-of-state service lies within the latter classification. Referring back to *N.J.S.A.* 18A:66–71(b), therefore, a veteran's 20 years of "service credit" can include purchased credit in addition to credit for service actually rendered.

Respondent ignores the act's across-the-board application of prior service credit and focuses on language of *N.J.S.A.* 18A:66–71(b) which, it insists, limits the qualifying service to service actually rendered in New Jersey. Thus, it notes that the statute requires "20 years of aggregate service credit" in some office within New Jersey.

Respondent's theory disregards the statute's use of the term "service credit," as opposed to only "service." If actual in-state service were necessary, the Legislature would not have used the phrase "service credit," which we have noted, includes both service rendered and service purchased. Moreover, respondent's interpretation would vitiate the effect of *N.J.S.A.* 18A:66–13, which authorizes the purchase of out-of-state credit for all retirement purposes; nowhere in the act has the Legislature decreed that out-of-state credit may not be claimed in the context of veterans' retirement.

Our conclusion is compelled by an examination of the plain language of the statute, and thus we need not resort to aids to construction. *Imbriacco v. Civil Service Comm'n*, 150 *N.J.Super.* 105, 109 (App.Div.1977). Nonetheless, we disagree with respondent that the informational booklet circulated to TPAF members necessarily constitutes a longstanding contrary administrative interpretation of the act which is entitled to great weight.

In view of our disposition we need not consider petitioner's alternative arguments that the act as interpreted by TPAF would violate veterans' right to equal protection or that TPAF is estopped to refuse petitioner's request.

Reversed and remanded with the direction that the TPAF board credit the purchased service toward petitioner's eligibility for veterans' retirement.