AMOS J. HARKER, DEFENDANT IN ERROR, v. MAYOR AND COUNCIL OF THE CITY OF BAYONNE, PLAINTIFF IN ERROR.

Submitted July 3, 1913—Decided December 4, 1913.

It is not the purpose of the so-called "Veteran acts" (which prohibit the removal of honorably discharged soldiers and sailors from offices or positions in the public service except for cause, and after a hearing) to interfere with the carrying into effect of those changes in the administration of public affairs which past experience or new conditions demonstrate are necessary for the public welfare; and the abolition of an office or position, held by one of the favored class designated by these statutes, does not violate the provisions thereof, if such action is taken in good faith and for the betterment of the public service.

On error to the Supreme Court.

For the plaintiff in error, *Daniel J. Murray* and *Warren Dixon.*

For the defendant in error, *Benny & Cruden.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   Harker, the defendant in error, sued out a writ of *certiorari* to review the validity of a resolution of the board of councilmen of Bayonne, adopted January 22d, 1912, the effect of which was to remove him, without a hearing, from the position of assistant water purveyor of that municipality.   His claim is that because he was an honorably discharged sailor of the Spanish war his removal was in violation of the provision of the first section of the act of March 27th, 1907 (*Comp. Stat., p.* 4873), which enacts that no honorably discharged soldier, sailor or marine, who has served in any war of the United States, holding an office or position under the government of the state, or of any city, town or county therein, whose term of office is not fixed by law and who receives a salary from the state, or such city, town or county, shall be removed from his office or position except for cause and after a hearing, but shall hold the same during good behavior.

The Supreme Court considered that Harker's discharge from the service of the municipality was in violation of this statutory provision, and set aside the resolution.

The resolution complained of not only discharged Harker from the employ of the city, but abolished the position that he occupied.   It was a part of a general scheme the purpose of which was to reorganize the water department of the city; that department, in the judgment of the board of councilmen, having been conducted in a manner clearly detrimental to the interests of the taxpayers, there having been a daily waste of water amounting to more than a million gallons, and bills for water supplied by the city to consumers amounting to more than $200,000 having been allowed to go uncollected.   The

department at the time of the reorganization was double-headed, the responsibility for its proper management being divided between the water purveyor and the water registrar, each of whom had an assistant. By the reorganization scheme these two offices, together with the positions of assistants to the holders thereof, were abolished, and the department was placed under a single head who was made responsible for its proper conduct, and an assistant and chief clerk were provided for him.

There is no suggestion in the case (notwithstanding the contention of counsel to the contrary) that in reorganizing the government of the water department the board of councilmen was actuated by any ulterior motive, or had any other purpose than the providing of a more efficient system of operation in this important branch of the city government; and this being so, its action did not run counter to the statute of 1907, notwithstanding the fact that one of its incidents was the abolition of the position held by Mr. Harker. The purpose of the statute is to protect members of the class embraced within it against removal from the public service without cause, to prevent them from being affected by political changes in the state and municipal governments, but not to interfere with the carrying into effect of those changes in the administration of public affairs which past experience or new conditions demonstrate are necessary for the public welfare. *Evans* v. *Freeholders of Hudson*, 24 *Vroom* 585; *Beirne* v. *Jersey City*, 31 *Id.* 109; *Sutherland* v. *Jersey City*, 32 *Id.* 436; *Caulfield* v. *Jersey City*, 34 *Id.* 148; *Stivers* v. *Jersey City*, 41 *Id.* 606; *S. C. on error, Id.* 827. The abolition by a municipality of a position or an office held by one of the favored class designated in the statute, when such action is taken in good faith, and for the betterment of the public service, is declared in each of the cases cited to be a legitimate exercise of municipal power, notwithstanding the provisions of statutes similar to the one appealed to by the defendant in error. That being so, the resolution brought up by the *certiorari* should have been affirmed by the Supreme Court.

The judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, VOORHEES, KALISCH, VREDENBURGH, WHITE, TER-HUNE, HEPPENHEIMER, JJ.   10.