JOHN ANDERSON, PROSECUTOR, v. TOWNSHIP OF WEE-HAWKEN, IN THE COUNTY OF HUDSON, DEFENDANT.

Submitted March 23, 1922—Decided July 15, 1922.

1. Where the appointment of paid firemen of a municipality is to be made by resolution of the governing body, the abolition of the position of each fireman may be also effected by resolution.
2. It is entirely settled that notwithstanding the legislation for securing the tenure of office-holders in municipalities, the position or office may be abolished by the governing body if such action is *bona fide* and not illusory.
3. Section 3 of the Veterans act (*Comp. Stat., p.* 4874) which forbids any municipality from abolishing any position or office held by a veteran soldier, sailor or marine, is not impaired by chapter 125 of the laws of 1919. *Pamph. L., p.* 290.

On *certiorari*.

For the prosecutor, *Stuhr & Vogt* (*John J. Fallon,* of counsel).

For the defendant, *William C. Asper.*

The opinion of the court was delivered by

SYAYZE, J.  The prosecutor in this writ and in ten other writs involving similar questions seek to set aside the resolution of the township committee, passed January 3d, 1922, abolishing the office or position held by the prosecutors. The prosecutor claims to hold under the resolution of December 29th, 1921, appointing the eleven men as paid firemen in addition to the paid firemen already serving. It is, I think, quite obvious that the outgoing committee sought to put men of their political views in office before their power expired with the new year.  Perhaps it may be said that the action of the new township committee was equally tainted with political considerations, but as this action did not result in anything more than abolishing the positions it is, I think, only necessary to consider this in connection with its effect upon the resolution of December 29th.

The first objection to the resolution of December 29th is that the action should have been taken by ordinance and not by resolution, the claim being that the position or office was created by ordinance and could not be abolished except by ordinance.  The fact is, however, that the position of the eleven prosecutors was not created by ordinance.  That ordained that the township committee may from time to time appoint such additional members to said fire department in addition to volunteer members of said fire department as said committee may determine, to act as regular paid firemen of said fire department; said members shall be appointed by resolution fixing their tour and place of duty, the apparatus to which they were assigned and the compensation they shall receive.

This, I think, is a clear statement that the appointment of the firemen shall be by resolution and while it may be said

that the position or office of paid firemen is created by the ordinance, the position or office of any particular individual is due to the resolution, and I do not see any reason why the abolition of the position of each individual prosecutor may not be effected by resolution as it was created by resolution.

The chief ground of objection to the resolution of January 3d is that it conflicts with the act for the protection of firemen, which in so far as concerns municipalities is now embodied in the Home Rule act. *Pamph. L.* 1917, *p.* 363. Under former legislation having the same object in view, it had become well settled that notwithstanding the legislation for securing tenure of the office-holder the position or office might be vacated or abolished (*Newark* v. *Lyons,* 53 *N. J. L.* 632), provided the action was *bona fide* and not illusory. *Slivers* v. *Jersey City,* 70 *Id.* 606. I think that the action of January 3d was *bona fide* and not merely illusory. There is a presumption in favor of the validity of the solemn act of the municipal authority and this presumption is fortified by the fact that no new appointments have been made and that the force of firemen under the resolution of January 3d is restored to what it was before the resolution of December 29th.

This disposes of all of the cases adversely to the prosecutors except the case of the veterans. They not only claim protection from dismissal from office but also that the municipal authority are without power to abolish their positions and this is claimed under section 3 of the act of 1907. *Pamph. L., p.* 38, reprinted also in *Comp. Stat., p.* 4874. I think that this section protects the veterans and I think they are not deprived of this protection by the amendment of 1919 to the act of 1907. That amendment affected only section 1 of the act, which forbids removal without fair and impartial hearing and enacts that one honorably discharged from the United States service shall hold his position or office during good behavior and shall not be removed for political reasons. Section 3 of the act remains as it was before.

The result is that in seven of the cases the resolutions of January 3d must be sustained; in the other four the resolutions must be set aside.