ABRAHAM SPEARS ET AL., PROSECUTORS, v. BOARD OF COMMISSIONERS OF NORTH BERGEN, DEFENDANT.

HERBERT RECK ET AL., PROSECUTORS, v. BOARD OF COMMISSIONERS OF NORTH BERGEN, DEFENDANT.

Argued October 6, 1931—Decided February —, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutors, *William George.*

For the defendant, *William E. Sewell (Nicholas S. Schloeder,* of counsel).

PER CURIAM.

These cases are before this court upon two writs of *certiorari* allowed to review the action of the board of commissioners of North Bergen in abolishing the positions of the prosecutors and dismissing them from the service of the township. The prosecutors are nine firemen in one writ and twenty-six policemen in the other, all of whose positions were abolished.

The positions held by the prosecutors were created on December 31st, 1930, by the administration then in control of the affairs of the township. This group continued in control until May 19th, 1931, when the so-called reform faction took control by virtue of an election held under the Walsh

act which had been adopted during April, 1931, by the voters of the municipality. It appears that there was strenuous objection to the creation of the offices on the part of the "reform faction" and that at that time they promised, if put in power, to abolish the offices in the interest of economy.

The offices were originally created by ordinances and the individual appointments made by resolution. The offices were abolished by ordinances passed June 3d, 1931, and on the same day resolutions were passed declaring the offices vacant. Under the terms of the Walsh act the ordinances did not become effective until ten days after publication, or in this case on June 15th.

Prosecutors contend under their first point that the resolutions were of no effect as of June 3d because the ordinances could not become effective until June 15th. However, the case of *Anderson* v. *Weehawken,* 97 *N. J. L.* 371; 118 *Atl. Rep.* 208, is authority for the proposition that a fireman's position may be abolished by resolution since his appointment was accomplished in the same way. We think the procedure was proper, namely, the abolition of the office as to each incumbent by resolution, and then the complete abolition of the position by ordinance in order that no other might be appointed.

2. It is argued by prosecutors that the resolutions could not be adopted by the whole board of commissioners, but came within the jurisdiction of the director of public safety alone. If there be any merit in this contention, there are two answers to it. First, the abolition of a large group of offices was not a matter having to do with the internal affairs of the department but was rather a matter of general concern coming within the jurisdiction of the whole board. And second, the proceedings had to do with the organization of a new board and a new township government and therefore comes within the rule in *Seaman* v. *Strollo,* 105 *N. J. L.* 570; 146 *Atl. Rep.* 331, to the effect that at the time of organization the whole board has jurisdiction of matters which thereafter may be within the exclusive jurisdiction of the head of one department.

3. The prosecutors' principal contention is that the alleged motive of economy was a false one, and that the real purpose of the removal was political. There is little, if any, evidence to support this claim, and plenty of evidence to sustain the good faith of the commissioners. A large saving was effected. The fact that expenses were increased in some other departments is no evidence of improper motive in the abolition of these offices. A great deal of testimony was introduced to show that these additional policemen and firemen were desirable or necessary to properly protect life and property. There is no doubt the additional protection may be preferable, if it were not a burden on the taxpayers. However, the question of curtailing the forces in the interest of economy was one within the discretion of the governing body and this court cannot review that action.

The writs of *certiorari* are dismissed, with costs.