JOHN J. HAMILL, PROSECUTOR, v. CITY OF CLIFTON ET AL., DEFENDANTS.

Submitted January 27, 1932—Decided June 6, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Edward F. Merrey.*

For the defendant city of Clifton, *John C. Barbour.*

For the defendants Thomas G. Varentoni et al., *John J. Clancy* and *Merritt Lane.*

844

PER CURIAM.

This writ of *certiorari* brings up the action of the city council of the city of Clifton in appointing twenty men to the fire department of that municipality, eighteen of whom were appointed to new positions created by action of the city council.

On November 4th, 1924, an ordinance was adopted, entitled "An ordinance to establish, regulate and govern the fire department of the city of Clifton," which was amended on January 21st, 1930, and the amendment being vetoed by the mayor, it was passed by the city council over his veto on February 4th, 1930. Prosecutor Hamill was a member of the council and voted to pass the amended ordinance over the veto of the mayor. Pertinent sections of the amended ordinance provide:

"Section 6. The personnel of the full paid fire department shall consist of a chief engineer and as many assistant engineers, lieutenants, master mechanics and firemen as the city council may, from time to time, deem necessary for the efficient working of said department.

"Section 9. All members of the full paid fire department shall be appointed by the fire committee, on the confirmation of the city council * * *."

Prosecutor Hamill contends that this ordinance is invalid because it does not fix the number of firemen and because it empowers the fire committee to establish the number thereof. Prosecutor, as a member of the council, voted for the amendment and made nominations of members of the fire department, by virtue of his position as a member of the fire committee. Defendants assert that such conduct estops him from now objecting to action under said ordinance. We do not deem it necessary to decide whether or not he is estopped to question the validity of the ordinance, because we think it is valid legislation. Article 17, section 1, of the Home Rule act (*Pamph. L.* 1917, *ch.* 152), provides that the governing body of every municipality shall have power to pass ordinances to establish, maintain, regulate and control a fire department, and to control the appointment of the members

thereof. The city of Clifton had previously adopted the provisions of chapter 135 of the laws of 1899, which is to the same general effect.

It would appear, therefore, that the city had, by ordinance, created the department and had designated the method of appointment of employes of such department. That method was by appointment of the fire committee and then by confirmation of such appointment by the council. This was the method pursued in this case and appears to be in accordance with law. *Anderson* v. *Weehawken,* 97 *N. J. L.* 371; 118 *Atl. Rep.* 208.

Nor does the ordinance leave the number of firemen to be appointed to the caprice of the committee, because the ordinance provides for nomination by the committee and confirmation by the council, so that the final judgment as to the number of employes as well as the necessity for such appointments is in the council. Hence, the determination as to the number deemed necessary, from time to time, is in the council and not in the committee. This may be by resolution. As was said in *Green* v. *City of Cape May,* 41 *N. J. L.* 45.

"The city can exercise its power, either by resolution or ordinance, whenever it is not restricted to a particular method. It is only in organizing the department, in drafting a plan of government for it, or in prescribing the manner of the election of its officers and their duty, that the charter requires that the common council shall act by ordinance.

"The requirement ceases there. The temporary and recurring necessities of the department can be supplied by motion and order. The employment of hands * * * can be transacted by resolution."

Many cases in our courts are to the same effect.

When the council confirmed the appointments it was, in effect, the expression of the judgment of the council that the number of men appointed were necesssary for the protection of the municipality, and an approval of the designation of the individuals. The presumption is in favor of the validity of the acts of the municipal authority.

Nor do we think that the appointees were officers calling

for their nominations separately and their election by roll calls. Certainly a fireman is not an officer of the municipality as contemplated in the statute invoked by prosecutor. *Pamph. L.* 1906, *p.* 173.

We have examined the several other grounds urged by prosecutor against the validity of the proceedings under review, and conclude that they are without merit.

The writ is dismissed, with costs.