MARGARET BLAIR, PROSECUTRIX, v. JEROME J. BRADY, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF BAYONNE, NEW JERSEY, RESPONDENT.

Decided October 13, 1933.

Before BROGAN, CHIEF JUSTICE, sitting alone pursuant to statute.

For the prosecutrix, *William Rubin.*

For the respondent, *Alfred Brenner.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This writ, argued before me by request of both parties, brings up for review the action

of Jerome J. Brady, director of public safety of the city of Bayonne, in dismissing the prosecutrix, Margaret Blair, as a policewoman of the city of Bayonne.

The return to the writ discloses that the governing body of the city of Bayonne created, by ordinance, its police department on June 8th, 1926. That ordinance (among the appropriate offices and positions created) authorized the appointment of two policewomen at a definite salary. It was from time to time amended but not in any particular which concerns the issue in this case except as hereinafter mentioned.

On December 27th, 1927, the ordinance in question was further amended so as to include, among the positions authorized, a secretary with the rank of policewoman, and on January 16th, 1928, the said Margaret Blair was appointed secretary to the director of the department of public safety in the police department of said city of Bayonne, by the then director of that department. The appointee, who is the prosecutrix of this writ, thereafter qualified in the manner required by law and continued as secretary to the director of public safety in the police department until May 20th, 1931.

On May 19th, 1931, the respondent, having been elected a member of the board of commissioners of the city of Bayonne, was, by resolution of the governing body, assigned to the office of director of public safety and on the following day he transferred the prosecutrix to the detective bureau of said department, where she rendered service as a policewoman until August 22d, 1932.

On this last mentioned date, an amendment to the police department ordinance was adopted, abolishing certain positions in the department, among them that of secretary, for reasons of economy and the prosecutrix was thereupon notified that she was dismissed, inasmuch as the office of secretary, had on that day been, by ordinance, abolished.

It is conceded that no charges were preferred against or hearing given, the prosecutrix, nor was any reason assigned for her dismissal other than that the position she held had been abolished.

The determination of this case resolves itself down to a single question. It is not contended by the prosecutrix that

the creation of the position of secretary to the director of public safety (police department) *with the rank of police-woman* authorized the appointment of a third policewoman instead of the two specifically mentioned in the ordinance itself. It would seem as though the words "with the rank of policewoman" were intended to fix her status as to salary only. If it were otherwise the ordinance would have been so amended that the naming of a third policewoman would have been authorized. It is likewise not disputed but that two policewomen had been appointed and were functioning, prior to the appointment of the prosecutrix as secretary and subsequent to her dismissal.

It is argued, on behalf of the prosecutrix, that her appointment constituted her a member of the police department of the city of Bayonne and she became "immune from dismissal" except in accordance with the provisions of article 16, chapter 152, laws of 1917, which provides that a member of the police department may not be summarily dismissed except for just cause and after charges have been preferred and a hearing given and determination made; and further, that the abolition of the position of secretary did not terminate the employment of the prosecutrix nor affect her status; also that she was an employe of the department and as such protected by tenure of office; also that she was at least a *de facto* officer or employe and entitled to the benefit and protection of the Tenure of Office act; also that the prosecutrix was not dismissed for reasons of economy.

As to the first reason advanced, it is of course true that if the prosecutrix became a member of the police department she could not be summarily dismissed without just cause except by the abolition of the office or position. But in this case this is exactly what was done. The governing body was well within its right in abolishing this position for the purpose of economy. *Moser* v. *North Bergen,* 10 *N. J. Mis. R.* 315; 159 *Atl. Rep.* 630; *Paddock* v. *Hudson Tax Board,* 82 *N. J. L.* 360; 83 *Atl. Rep.* 185; *Harker* v. *Bayonne,* 85 *N. J. L.* 176; 89 *Atl. Rep.* 53; *Colgarry* v. *Water Commissioners,* 85 *N. J. L.* 583; 89 *Atl. Rep.* 789; *Buckley* v. *Guttenberg,* 87 *N. J. L.* 434; 95 *Atl. Rep.* 120.

As to the second and third reasons, it is true that the prosecutrix did not occupy the secretarial post at the time that it was abolished (since she had been transferred from that post on May 20th, 1931), but it is also true that with the abolition of that position, there remained no arguable ground upon which she could be said to continue as a policewoman for the obvious reason that there existed no authority whatever for the employment of a third policewoman.

It is next argued that the prosecutrix was a *de facto* officer or employe. If there was no office or employment for her to occupy she could not be a *de facto* officer or employe. There can be no *de facto* officer without a *de jure* office.

It is next argued that the dismissal of the prosecutrix for reasons of economy is unfounded. A reading of the record does not bear out this charge. On the contrary, the record indicates that economies effected in the department of public safety were substantial and the testimony fails to show that the action taken with respect to the abolition of this position was not in good faith.

The court will not substitute its judgment on matters of this kind that concern the regulation of the internal affairs of municipal departments for the judgment of those selected by the people and charged by law with the duty of regulating such affairs, in the absence of a clear showing of bad faith.

The writ will therefore be dismissed, with costs.