THE CITY OF NEWARK, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND JOSEPH A. WARD, RESPONDENTS.

Submitted January 26, 1934—Decided May 7, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Thomas M. Kane.*

For the civil service commission, *Duane E. Minard.*

For Joseph A. Ward, *Charles Handler.*

The opinion of the court was delivered by

CASE, J. The writ brings up for review an order of the civil service commission setting aside the proceedings whereby Joseph A. Ward, an attorney and counselor-at-law, was removed from the position of legal assistant in the law department of the city of Newark, and directing Ward's reinstatement.

The city law department was established by an ordinance adopted January 27th, 1921, the language of which followed closely that of the authorizing statute. *Pamph. L.* 1920, *ch.* 65. Both the ordinance and the statute directed that the legal assistants should be within the purview of the Civil Service act of April 10th, 1908, its supplements and amendments, and should not be removed except as in that act provided. The city, having adopted the Civil Service law, submitted to the civil service commission, for classification, the position of legal assistant in the law department together with a statement of the qualifications of the position.

On October 26th, 1932, the board of commissioners of the city of Newark appointed Ward a legal assistant, "subject to and in conformity with the requirements and regulations of the Civil Service act." The appointment was certified to, and approved by, the civil service commission. At the time of and prior to the changes next mentioned, the city law department consisted of a corporation counsel, four assistant corporation counsels (the statutory expression) and three legal assistants. On May 16th, 1933, following the spring municipal election, the newly organized board of commissioners of the city resolved that "for reasons of economy the positions of legal assistants in the law department of the city of Newark be and they are hereby abolished, the same to take effect at once." It will be observed that the city commissioners unequivocally stated the purpose contempora-

neously with and as part of the resolution, and that the expressed purpose was not to accomplish a governmental change in structure or policy but to effect economy. At the same time the commissioners by a further resolution ratified and confirmed the appointment, contrary to the then existing ordinance, of six assistant corporation counsels (two more than theretofore), naming the appointees and fixing their salaries. We find no evidence, and none is brought to our attention, that the purpose in these departmental changes was other than the stated one of economy. A few days later the commissioners rescinded the removal resolution in so far as it related to the two legal assistants other than Ward. The net result was that, on the ostensible ground of economy, the assistant corporation counsels were increased from four to six, the legal assistants were reduced from three to two, the salary totals were increased, and the volume and character of work remained the same.

Ward appealed his removal to the civil service commission. The appeal was tried out on its merits. There was no objection raised below to the jurisdiction over parties or subject-matter or to the procedure followed; and none is raised here except as hereinafter mentioned.

Prosecutor upon its brief argues its second, third, fourth and fifth reasons. The first and sixth are but conclusions dependent upon sustaining one or more of the others. The second and third reasons are that the action of the civil service commission violates the home rule provisions of the Municipalities act (*Pamph. L.* 1917, *art.* 14, *ch.* 152, ¶¶ (c), (d), and of the Walsh act (*Pamph. L.* 1911, *ch.* 221), particularly the amendments to the latter act contained in *Pamph. L.* 1929, *ch.* 265, and *Pamph. L.* 1930, *ch.* 221. We find nothing in these statutory references to militate against the proposition, grounded in the foregoing statutory and ordinance mandates, that the office of legal assistant in the city of Newark is in the classified service and within the application of the civil service statute. The Municipalities act, the Walsh act and the Civil Service act have been fully recognized by the present city commissioners, as well as by their predeces-

sors in office, with respect to the matters in issue, as statutes *in pari materia;* and, in truth, such they are.

The fourth reason is that "the action of the civil service commission is an illegal and unlawful interference with the action of the board of commissioners of the city of Newark because said board of commissioners abolished the office of legal assistant in the interest of economy." Prosecutor's brief restates the question thus: "The real question is—'did the prosecutor practice economy in abolishing the office of legal assistant?'" That involves a dispute of fact upon which the civil service commission found in the negative. The precise language of the finding was that the records did not show that economy had been effected, but we interpret this as a finding, not merely that no saving had been accomplished but, that the removal proceedings had not been undertaken in the interest of economy, that economy had been neither sought nor served; and the record supports such a finding. The question, as we view it, is, not narrowly whether a plan conceived and adopted for the purpose of saving money actually, in operation, attained its purpose but, whether the design in adopting the plan was to accomplish economy or, on the contrary, was to effect the removal of a public employe, protected by civil service, without following the statutory procedure (section 24, Civil Service act). *Pamph. L.* 1908, *ch.* 156, as amended *Pamph. L.* 1917, *ch.* 236; *2 Cum. Supp. Comp. Stat., p.* 2583, §§ 144-80. It is manifest that there was not a money saving and, what is more important on the present issue, it was manifest at the time the municipal action was taken that there would not be. Of the six assistant corporation counsels three are Ward's juniors in point of admission to the bar and have not been admitted as counselors-at-law. The work actually performed by the younger assistant corporation counsels has close resemblance to that formerly done by the legal assistants. The action of the city commissioners in dismissing all of the assistants and then rescinding except as to Ward is not explained. The weight of the evidence is that the municipal action was not taken in

the interest of economy, but that it was really to accomplish Ward's removal.

Tenure of employment statutes are subject to the right of a governing body to discontinue old methods, create new offices and otherwise make changes in the public interest, provided such changes are not mere pretexts for removal from office. *Newark* v. *Lyon,* 53 *N. J. L.* 632. But the civil service commission may not be forestalled by an unsupported assertion from performing its statutory functions; otherwise civil service itself would soon be ineffective. No branch of the service is being discontinued. The office of legal assistant is not abolished. All that is abolished is one position, the work of which is to be done by new employes under a different nomenclature. *Ingram* v. *Jersey City,* 63 *N. J. L.* 542. The question is one of fact, not of assertion. The finding of the civil service commission has substantial foundation in the proofs and should not be disturbed.

The fifth reason is that "the action of the civil service commission was illegal and unlawful in that in arriving at their conclusion as to the question of whether or not economy had been effected by the abolition of the office of legal assistant, the said civil service commission attempted to review the appointment of the assistant corporation counsels of the law department and said commission has no jurisdiction or power to review said appointments because the office of assistant corporation counsel is in the unclassified service and the duties of assistant corporation counsel is broader in scope than the duties of legal assistant." This point, when analyzed, will be found not to question the jurisdiction of the civil service commission to pass upon the legality of Ward's dismissal. The point sought to be made is that the commission did not have the power to review the appointments of the assistant corporation counsels for the reason that these employes were in the unclassified service and were subject to appointment and removal at the will of the corporation counsel. We think that the prosecutor has misunderstood the purport and the effect of the ruling. The determination goes no further than to direct what shall be done with Ward. The retention or

the dismissal of the assistant corporation counsels, or any of them, is not involved.

On the points presented we conclude that the order of the civil service commission should be affirmed, with costs.