WILLIAM S. TAGGART, PROSECUTOR, v. CITY OF ASBURY PARK, A MUNICIPAL CORPORATION, DEFENDANT.

Submitted October term, 1934—Decided December 16, 1936,

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Kremer & Proctor.*

For the defendant, *Donald M. Waesche.*

PER CURIAM.

This writ commands the city of Asbury Park to certify and send to the Supreme Court for review an ordinance adopted by the city February 27th, 1934, entitled: "An ordinance to repeal sundry ordinances relative to fire and police and kindred subjects" together with all proceedings touching and concerning the same.

It appears that in the autumn of 1933 the city adopted the city manager plan of government, and the new government was organized in January, 1934. The ordinance in question was adopted pursuant to the recommendation of the city manager and the city attorney submitted in writing on February 13th, 1934, to the mayor and council and embodied in the minutes. The recommendation of the city manager reads:

"Upon assuming office I found that certain departments of the government of the City of Asbury Park are not operating in accordance with the best principles of the City Manager

form of government; that these departments are not operating as efficiently and economically as desired and that there is no proper co-ordination between the various departments as should be established under our present form of government * * *. Therefore, I am respectfully submitting my recommendations for reorganization of all departments which are assigned to my management by law. I have submitted to the city clerk ordinances covering repeal of inconsistent ordinances, as well as an ordinance covering the recommended reorganization."

This writ was obtained by William S. Taggart, who is the ranking officer in the fire department. Prior to the adoption of the ordinance his title was that of "Chief of the Fire Department." Since the adoption of the ordinance his title has been changed, by resolution hereinafter referred to, to captain of the fire department and acting chief, and on May 1st, 1934, he took the oath of office as such official. His salary and position as ranking officer in the fire department remains the same as it was prior to the adoption of the ordinance.

The first point made by the prosecutor is that "the resolution reducing the officers and men of the fire department in rank was adopted for purely political reasons."

It will be noticed that this point deals with the resolution adopted by the mayor and council on March 27th, 1934, and not with the ordinance brought up by the writ, which was adopted February 27th, 1934.

It is therefore questionable whether such resolution is open to the attack made under point one; but in any event the point is without merit. The resolution recites that the city "is facing a serious financial crises," that public welfare demands the adoption of necessary economic measures, and that economy and greater efficiency require that the fire department be reorganized in the manner provided in the resolution. As we have pointed out the effect of the resolution, in so far as we are now concerned with it, was to reduce the prosecutor from the rank of chief, which he held before the adoption of the resolution, to the rank of captain. Apart from the express terms of the resolution, the record discloses that the city manager testified that although the adoption of

the resolution would not be productive of immediate savings to the city, it would lay the foundation for savings in future years. An examination of the record fails to disclose to us any contradiction of that testimony. It is therefore evident that the resolution was adopted for the purposes of economy and greater efficiency, and not for "purely political reasons."

The next contention is that "the action of the City of Asbury Park in adopting the two ordinances and the resolution under attack has deprived the city of any legally constituted fire department."

It will be observed that this contention does not point out any lack of authority in the city to adopt the ordinance here under review, nor lack of authority to adopt the ordinance on the same day establishing certain departments and departmental divisions, among others "Division of Fire." The authority is ample. The statute provides that "the governing body of every municipality shall have power to make * * * or repeal ordinances to establish * * * a fire department." *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2160, § *136-1701. See, also, the provision of the Municipal Manager act that "the municipal council shall continue or create, and determine and define the powers and duties of such executive and administrative departments, boards and offices in addition to those provided for herein, as it may be necessary for the proper and efficient conduct of the affairs of the municipality by law. Any department, board or office so created may at any time be abolished by the municipal council. *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2518, § ***136-702. The state of the case discloses that the resolution heretofore mentioned, and the ordinance brought up for review, and the ordinance last mentioned were adopted, not for purely political reasons, but for the purpose of economy and greater efficiency; and we conclude that the city had the right to pass them, and that is the only question that presently concerns us on this phase of the case.

The court will not substitute its judgment on matters of. this kind that concern the regulation of the internal affairs of municipal departments for the judgment of those selected by the people and charged by law with the duty of regulating

such affairs in the absence of a clear showing of bad faith. *Blair* v. *Brady*, 11 *N. J. Mis. R.* 854; 168 *Atl. Rep.* 668.

To establish a charge of fraudulent conduct or lack of good faith against a legislative body, the proof of such fraudulent conduct must be clear and convincing. *Buckley* v. *Guttenburg*, 87 *N. J. L.* 434; 95 *Atl. Rep.* 120. Of course the chief of the fire department may be reduced to the rank of captain if done in good faith and for the purpose of economical administration of governmental affairs of the city. *Durkin* v. *Board of Fire Commissioners, Newark*, 89 *N. J. L.* 468; 99 *Atl. Rep.* 432.

The last point is: "The pension rights of the prosecutor are destroyed by the action of the defendant in abolishing its fire department.

The sole argument under this point, as we see it, is that the city has abolished its fire department. We think it has not done so, as we have hereinbefore indicated, and so we can see no merit in this point. As a matter of fact the record discloses that the prosecutor is a fireman and a member of the fire department of the city of Asbury Park, which department was established by the ordinance. He is performing the duties of the ranking officer in the division of fire in the department of public safety and is receiving a salary from the city for his services.

The writ will be dismissed, with costs.