LAWRENCE GIANETTINO ET AL., PROSECUTORS, v. CIVIL SERVICE COMMISSION ET AL., DEFENDANTS.

Submitted May 3, 1938—Decided August 15, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Braelow & Tepper* and *Louis Auerbacher, Jr.*

For the defendants, *David T. Wilentz* and *John F. Bruther.*

PER CURIAM.

This is an application for a writ of *certiorari* to bring up the action of the Civil Service Commission in refusing to restore prosecutors to their positions as inspectors in the barber license division of the State Department of Health. The parties have stipulated that the matter be considered as if a writ had issued, and that judgment be given upon the merits. The five prosecutors were appointed after civil service examinations, their appointments became effective at various dates during March and April, 1934. On August 1st, 1934, their services were discontinued and their names dropped from the payroll. The duties of inspection were thereupon transferred to the members of the board of barber examiners, a body created by the statute and compensated at the rate of $10 per day for conducting examinations and performing "other duties assigned to them by the State Department of Health."

The first two points are to the effect that there was no lawful action by the department of health terminating prosecutor's employment. There were no charges preferred, and although there is some intimation of dissatisfaction with the work of prosecutors and a statement that one was short in his financial accounts, the action is not sought to be justified upon this ground but rather upon the ground of economy. It is true that the only thing appearing on the minutes concerning the termination of prosecutors' employment is the following in the minutes of the meeting of September 11th, 1934:

"Report was further received to the effect that the services of the following named barber inspectors were discontinued on August 1st:" (Prosecutors' names follow.)

While this may not amount to an abolition of the positions as contended by the defendants, we are of the opinion that it was not essential that the positions be abolished and think that where a *bona fide* attempt at economy is the motive, the services of persons in the classified civil service may be dispensed with in the absence of abolition of the positions, reserving to them, of course, their rights upon the eligible lists, if there be any. The holders of positions may be laid off in the interest of economy and their duties assigned to others. It is a question of the *bona fides* of the action.

Point three is that there is no *bona fide* abolition of the positions and that the action of the board in dismissing the prosecutors was not in good faith. The burden is upon the prosecutors to show the bad faith of the transaction (*Cohen* v. *Hamilton Township,* 15 *N. J. Mis. R.* 687), and we are of the opinion that they have not sustained it. It cannot be denied that the work was performed by the examiners working on the *per diem* basis at a saving under what it would have cost had prosecutors performed it at their stipulated salaries. There is nothing in the evidence from which it can be found that there was any personal or political animosity against these prosecutors. Bad faith has not been shown.

The last point is that the Civil Service Commission's opinion is based upon an erroneous understanding of the facts and the law. The criticism is of an isolated portion of the opinion of that body which is not essential to the result here reached.

The rule to show cause is discharged.