FRANK HENNINGER, PLAINTIFF-APPELLANT, v. COUNTY
OF BERGEN, DEFENDANT-RESPONDENT.

Argued May 4, 1943—Decided June 1, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellant, *Chandless, Weller & Kramer*
(*Julius E. Kramer,* of counsel).

For the defendant-respondent, *Walter G. Winne.*

The opinion of the court was delivered by

PORTER, J.  This is a plaintiff's appeal from a judgment
of no cause of action in the District Court of the Third
Judicial District of Bergen County.  The plaintiff has been
employed by the County of Bergen, defendant, in the office
of the county engineer since March 17th, 1915.  He comes
within the provisions of the Civil Service Law, which is and
has been effective in Bergen County since 1915.

It appears that he was in receipt of a salary of $4,000 and
that during the period from January 1st, 1933, until January
31st, 1937, his salary was reduced at various times.  These
salary reductions were made by virtue of chapter 13 of
*Pamph. L.* 1933, as amended by chapter 3 of *Pamph. L.* 1936,
which provide that in the period from January 1st, 1933,
to January 31st, 1937, the Board of Freeholders, because of
the existence of an emergency due to economic conditions,

had power to fix salaries of officers and employees but not to increase same. On January 31st, 1937, the salary received by plaintiff was $2,400 per year which was later increased to $2,520, payable $105 semi-monthly, which was the salary he was receiving on June 15th, 1942. At that time he was tendered salary of $105 for one half of that month which he refused to accept, claiming to be entitled to $166.67, for which the instant suit was brought, on the theory that his salary should be at the rate of $4,000 a year, that being the amount received at the time the legislation *supra* went into effect. The argument is that the legislation in question was adopted because of the said emergency and that upon the expiration of that legislation he automatically was entitled to receive the salary in effect when it was enacted. With that contention we are not in accord. The salary for the position occupied by the plaintiff is not fixed by law. In the absence of bad faith the governing body of a municipal corporation has power in the exercise of its judgment to fix the salaries of its employees, except where fixed by statute. Compare *Harker* v. *Bayonne*, 85 *N. J. L.* 176; 89 *Atl. Rep.* 53; *Blair* v. *Brady*, 11 *N. J. Mis. R.* 854; 168 *Atl. Rep.* 669; *Ziegler* v. *Hackensack*, 113 *N. J. L.* 215; 174 *Atl. Rep.* 199. Plaintiff also contends that this reduction in salary was in violation of the Civil Service Act, *N. J. S. A.* 11:22-38, in that he suffered a reduction within the meaning of that act. We think this argument is without merit. The tenure which the plaintiff enjoyed because of his Civil Service status was subject to the right of the governing body to adjust compensation as the exigencies of economic conditions might require in the exercise of good faith. *Adams* v. *Plainfield*, 109 *N. J. L.* 282; 161 *Atl. Rep.* 647; *affirmed*, 110 *N. J. L.* 377; 166 *Atl. Rep.* 164; *Newark* v. *Civil Service Commission*, 112 *N. J. L.* 571; 172 *Atl. Rep.* 589; *affirmed*, 114 *N. J. L.* 185; 176 *Atl. Rep.* 164.

We conclude that no rights of the plaintiff have been violated and that he exhibited no cause for action.

The judgment under review is affirmed, but without costs.