LOUIS KESSEL, PROSECUTOR, v. THE CIVIL SERVICE COMMISSION OF NEW JERSEY AND JAMES E. CARMACK, SHERIFF OF THE COUNTY OF ATLANTIC, DEFENDANTS.

Submitted May 4, 1943—Decided October 22, 1943.

Before Justices PARKER and HEHER.

For the prosecutor, *William Charlton*.

For the defendant Civil Service Commission, *David T. Wilentz*, Attorney-General (*Harry A. Walsh*, of counsel).

For the defendant James E. Carmack, *David Brone*.

The opinion of the court was delivered by

HEHER, J.   On September 16th, 1940, prosecutor was appointed deputy sheriff of the County of Atlantic at a fixed annual salary.   Thereafter, at the general election held on November 5th, 1940, the electorate of the county adopted the provisions of the Civil Service Act (*R. S.* 11:1–1, *et seq.*); and it is conceded that the position thus held by prosecutor was embraced within the classified service as delimited by that statute.   On November 12th, 1941, the defendant Carmack assumed the office of sheriff; and he thereupon suspended prosecutor on the ground that an indictment charging the commission of a crime was then pending against him in the United States District Court for the District of New Jersey.   The indictment was *nolle prossed* on the ensuing December 31st.   Two days prior thereto, the sheriff abolished the position for reasons of economy; and this writ brings up

for review the determination of the Civil Service Commission sustaining the action so taken. It was therein provided that prosecutor be placed on the Commission's roster for reappointment to the first-occurring vacancy in a position of this class, and also on the eligible list for appointment to the position of jail guard in the county.

Bad faith is charged. It is said that the sheriff was actuated by "political motives" and "personal animosity." But the proofs are quite to the contrary. Nine other vacancies which occurred through death, induction into military service, dismissal, and so on, during the incumbency of the present sheriff, were not filled; and a saving in salaries of $11,770 for the year ending November 15th, 1942, as compared with the prior year, was thereby effected. While there were some increases in salaries, the sheriff justifies them as "in line with the general trend during the war period."

The challenged action was not merely colorable. No one has been appointed to the position vacated by prosecutor. The position is no longer in existence; and there is no suggestion that the public interest has been thereby prejudiced. It is shown that, at the time of the county's adoption of the Civil Service Act, there were ten persons on the sheriff's staff holding the title of "deputy sheriff." And prosecutor is junior in service to all now holding this position. That considerations other than economy have entered into the abolition of an office or position is of no consequence, if, in fact, the place is in no sense essential to the public service. The motive is immaterial if the office or position is useless. Public policy does not permit the validity of the abolition of a wholly useless office or position to be determined by motive alone. *Camden* v. *Civil Service Commission,* 118 *N. J. L.* 501; *Santucci* v. *Paterson,* 113 *Id.* 192; *Hunziker* v. *Kent,* 111 *Id.* 565.

The *certiorari* is accordingly dismissed, but without costs.