10 N.J. Super. 103 (1950)
76 A.2d 534
ALBERT BENZONI, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE AND TOWNSHIP OF NORTH BERGEN, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1950.
Decided November 14, 1950.
*104 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Joseph V. Collum argued the cause for the appellant (Messrs. Max A. Boxer and T. James Tumulty, attorneys).
Mr. George Rothstein argued the cause for the respondents (Mr. Nicholas S. Schloeder, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from an order of the Department of Civil Service which sustained the action of the Director, Department of Revenue and Finance, Township of North Bergen, laying off the appellant Albert Benzoni from his position of Collector of Accounts and directed that his name be placed upon a reemployment list for certification and appointment to the position of Collector of Accounts or comparable position as vacancies occur.
In 1942 the appellant was appointed deputy to the Collector in the Department of Revenue and Finance and was engaged principally in the collection of delinquent taxes. In 1947 the township adopted the Civil Service Act and the appellant was placed in the classified service as Collector of Accounts with annual salary of $2,300 per year. In recent years the need for special efforts in the collection of delinquent taxes evidently lessened; the aggregate time required *105 for the performance of the appellant's duties as Collector approximated only ten days per year; and he admittedly held a private position as salesman for a company engaged in the hardware business.
Following a recall election in May, 1949, the township's Director of Revenue and Finance assigned the appellant to full-time duties in the Tax Collector's office. After two weeks the appellant declined to perform these duties asserting that they interfered with his work as salesman and he was entitled to continue as Collector of Accounts. Thereupon the Director by letter dated June 22, 1949, notified the appellant that, in order to effect economies and in the public interest, his services as Collector of Accounts were no longer required and his employment was terminated.
It is clear that the termination of the appellant's services resulted in economy; no one has been engaged to replace him and his work is being performed without additional compensation by the Tax Collector and his clerical assistants. The appellant's suggestion, which is not adequately supported in the record, that political motivation was present would not appear to be particularly significant in the light of the evidence that his position had become a sinecure and the continuance of his employment as Collector at $2,300 per annum was contrary to the township's interests. See Kessel v. Civil Service Commission, 130 N.J.L. 618, 619 (Sup. Ct. 1943); Santucci v. Paterson, 113 N.J.L. 192, 195 (Sup. Ct. 1934).
The appellant contends that the Department of Civil Service erred in treating the Director's action as a separation or layoff within R.S. 11:22-9 rather than an abolition of his position within R.S. 11:22-10. We assume, solely for present purposes, the soundness of the appellant's prerequisite assertion that his position was created by proper action of the governing body of the township (Handlon v. Town of Belleville, 4 N.J. 99, 108 (1950)) and question that it could be abolished by letter from the Director. See Pondelick v. Passaic County, 111 N.J.L. 187, 189 (Sup. Ct. 1933). Furthermore, the letter did not purport formally to abolish the position *106 of Collector but notified the appellant that, because of the need for effecting economies, his services were not required. The Department of Civil Service properly construed this to be a separation or layoff within R.S. 11:22-9 entitling the appellant to the protection provided therein. Cf. Kraibuehler v. Civil Service Commission, 134 N.J.L. 97, 100 (Sup. Ct. 1946). It may be noted that, even under the terms of R.S. 11:22-10, the appellant could hardly be awarded greater protection than he has received considering his flat rejection of the position tendered to him in the Tax Collector's office and the direction by the Department of Civil Service that his name be placed upon a reemployment list for certification and appointment as vacancies occur.
The appellant further contends that he was denied the protection afforded to him, as an honorably discharged veteran, by R.S. 11:27-8 and R.S. 11:27-9. We doubt that these provisions were intended to have applicability where, as here, there was no reduction in a group of employees performing services of similar nature. In any event there has been no infringement of the limited terms of R.S. 11:27-8 and, in view of the full hearing afforded to the appellant before the Department of Civil Service, he has not been prejudiced by failure to hold the hearing contemplated by R.S. 11:27-9. See Klein v. Township of North Bergen, 10 N.J. Super. 128 (App. Div. 1950).
The order of the Department of Civil Service is affirmed.