10 N.J. Super. 128 (1950)
76 A.2d 710
ALICE KLEIN, APPELLANT,
v.
TOWNSHIP OF NORTH BERGEN, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1950.
Decided November 14, 1950.
*129 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Joseph V. Cullum argued the cause for the appellant (Messrs. Max A. Boxer and T. James Tumulty, attorneys).
Mr. Sol Schulman argued the cause for the respondent.
The opinion of the court was delivered by BIGELOW, J.A.D.
The appellant, who was an employee of the Township of North Bergen, was removed from her position by the Director of Public Affairs for reasons of economy, or so he alleged. She appealed to the Civil Service Commission, asserting that the real reasons were political. The Commission sustained the Director and dismissed Mrs. Klein's appeal.
There was a recall election in North Bergen in the spring of 1949, at which Joseph J. Jialdini and three others were chosen in the place of four of the commissioners then in office. Mrs. Klein was a supporter of the men who lost the battle, but she seems to have taken no active part in the campaign, *130 for she was unable to say whether or not Jialdini was aware of her political stand. He testified that he laid her off only for reasons of economy.
At the time of the election, Mrs. Klein was one of four office employees in the Health Bureau. She was classified as senior clerk, and was paid $2,000 a year. The other three in the Bureau were the Register of Vital Statistics, a senior clerk-stenographer, and Mr. Anthony Coglianese, secretary of the Bureau. He also held a position as secretary to the Director of Public Affairs. His pay was $3,000 or $3,250, of which only $250 seems to have been charged to the Health Bureau and the balance to the Director's office, although most of his work concerned the Health Bureau. Coglianese was the head of that office but he and the others there did practically the same work. Jialdini testified, "I don't think there are any duties in the office that one does that the others don't do. Everybody seems to have a knowledge of the general clerical duties in that particular office."
When the new commission organized, Mr. Jialdini was appointed Director of Public Affairs and the Health Bureau was put in his department. He wished to have as his secretary a man chosen by himself. So he persuaded Coglianese to resign as secretary to the Director, while retaining his position as secretary of the Health Bureau. His salary in that position was then fixed at $3,000. At about the same time, Mrs. Klein's employment was terminated. Before then, four persons shared in work of the office; after she left, the remaining three did it. It seems to be true that the payroll of the Bureau has been increased by $750, but that is only because Coglianese's pay for work in the Bureau had not theretofore been charged against the Bureau. We agree with the Civil Service Commission that the appellant did not sustain the burden of showing that the work of the Bureau is not now more economically handled than before. Gianettino v. Civil Service Comm., 120 N.J.L. 531 (Sup. Ct. 1938); Kraibuehler v. Civil Service Comm., 134 N.J.L. 97 (Sup. Ct. 1946). The appointment of a full-time secretary to the *131 Director doubtless adds to the over-all cost of his department. But that does not indicate to us bad faith in the claim that Mrs. Klein was laid off for reasons of economy.
Mrs. Klein is the widow of a veteran and entitled to a veteran's preferences. R.S. 11:27-1.2. Upon the reduction of the number of employees in the Health Bureau, she was entitled to the benefit of R.S. 11:27-8 and to the hearing required by R.S. 11:27-9. Her right to the hearing was disregarded. The purpose of a hearing under R.S. 11:27-9 is to guard the veteran's rights under the other section. In the present instance, the facts are all before us and a full hearing was held later by the Commission on Mrs. Klein's appeal. No sufficient end would be served by requiring the Commission now to conduct a hearing pursuant to R.S. 11:27-9. The want of the hearing under that section does not invalidate the termination of Mrs. Klein's services, since it is clearly shown that she was not protected from removal by R.S. 11:27-8. R.S. 11:27-8 only applies when the veteran and some other employee have equal seniority, in which case the nonveteran must be the one laid off, and the veteran kept on the payroll. Since Mrs. Klein was the youngest in service of the four employees in the Health Bureau, the Director properly selected her for removal when putting into effect his economy measures.
Appellant lastly objects that her cross-examination of Mr. Jialdini before the Commission was too restricted. We think not.
Affirmed.