13 N.J. Super. 6 (1951)
80 A.2d 121
LOUIS F. PADAVANO, PETITIONER-APPELLANT,
v.
TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1951.
Decided April 11, 1951.
*8 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Joseph V. Cullum argued the cause for appellant (Mr. Cullum and Mr. Max A. Boxer, attorneys).
Mr. Nicholas S. Schloeder argued the cause for respondent.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Each municipality is required by R.S. 54:5-11 to designate a bonded official to *9 be responsible for the making of tax searches and the execution of official certificates as to unpaid municipal liens. Appellant, Louis F. Padavano, was appointed tax searcher of the Township of North Bergen in 1944. In 1947 the township adopted the Civil Service Act and Padavano was placed in the classified service with the title tax searcher.
After a recall election in May, 1949, the newly organized township commission noted the small return in 1948 and 1949 from search fees, and on June 15, 1949, adopted a resolution designating the township clerk and the assistant township clerk, both bonded officials, in place of Padavano, to execute official search certificates. On the next day, June 16, the Director of the Department of Revenue and Finance notified Padavano by letter that his employment was terminated "in order to effect economies." The Department of Civil Service sustained the action and Padavano appeals from its order.
The finding of the Department of Civil Service has substantial foundation in the proofs and should not be disturbed. Because the volume of search work was not sufficient to take his full time, Padavano for some time worked only mornings on the job and spent the afternoons doing voluntary recreation work. Since his termination the work of examining the records and preparing and typing the certificates is being done without additional compensation by other employees of the Department of Revenue and Finance in addition to their other duties, and the certificates are then executed by the township clerk, who likewise has received no increase in compensation. We do not interpret R.S. 54:5-11 to require that the examination of records and the preparation of the certificates should be done personally by the designated official. That official in many municipalities, certainly the populous ones, requires help to do the work. The responsibility to the municipality for the manner of its performance, however, remains his whether done by him alone or with help. See In re Allen, 95 A. 215 (Sup. Ct. 1915) (not in the state reports).
Appellant's charge that he was the victim of a plan contrived, not to accomplish economy, but to effect his removal *10 without following the Civil Service Act, is not sustained by the record. Cf. Newark v. Civil Service Commission, 112 N.J.L. 571 (Sup. Ct. 1934), affirmed 114 N.J.L. 185 (E. & A. 1935). We do not find any adequate support for his allegations that political motivation was present. And his charge that the work is not now being given proper attention and that lawyers have complained about delays in receiving completed searches, if true, does not of itself sustain his allegation that his layoff was not purposed to effect economy. See Benzoni v. Department of Civil Service, 10 N.J. Super. 103 (App. Div. 1950); Klein v. Township of North Bergen, 10 N.J. Super. 128 (App. Div. 1950).
It is said that R.S. 11:22-12 was violated by the assignment of the duties of examination of records and preparation and typing of certificates to other employees of the Department of Revenue and Finance and by the designation of the township clerk and the assistant township clerk to execute the official certificates. It is clear that the designation of the township clerk and the assistant township clerk was entirely proper under R.S. 54:5-11, and was in no respect a violation of R.S. 11:22-12; the designation under R.S. 54:5-11 may be changed by the governing body at will. And there is no evidence upon which to determine if the work of the employees of the Department of Revenue and Finance now examining records and preparing and typing the certificates is performance of duties not appropriate to their classifications in violation of R.S. 11:22-12, as the record is barren of any proof as to the titles or job content of their classifications.
Appellant next contends that he is entitled to demotional rights under R.S. 11:22-10, arguing that the resolution of June 15 not only changed the designation of the bonded officials authorized to execute search certificates but also purported to "abolish" his position, so that, he says, the Department of Civil Service erred in treating his termination as a layoff or separation controlled by R.S. 11:22-9. The position could not legally be abolished by resolution if, as we assume for present purposes, it was legally created by ordinance. *11 Cahill v. West Hoboken, 90 N.J.L. 398 (Sup. Ct. 1917); Reck v. Board of Commissioners of North Bergen, 10 N.J. Misc. 962 (Sup. Ct. 1932), affirmed 110 N.J.L. 173 (E. & A. 1933); Ziegler v. City Manager, etc., Hackensack, 115 N.J.L. 328 (Sup. Ct. 1935); and see Pondelick v. Passaic County, 111 N.J.L. 187 (Sup. Ct. 1933). The language of the resolution purporting to abolish the position may be treated as immaterial without affecting the provisions satisfying the requirements of R.S. 54:5-11 as to a change of designation of bonded officials. In the circumstances, the Department of Civil Service properly construed his termination to be a separation or layoff within R.S. 11:22-9 accomplished by the director's letter. The direction that appellant's name be placed upon an eligible list for reinstatement when an opportunity arises was therefore the proper measure of the protection to which he was entitled. Cf. Benzoni v. Department of Civil Service, supra.
Affirmed.